Robert W. HOSEY, Appellant,

v.

The COUNTY OF VICTORIA, Sheriff
Dalton Meyer, and Michael Pfiel,
LVN, Appellees.

No. 13–93–072–CV.

Court of Appeals of Texas,
Corpus Christi.

April 1, 1993.

John E. Sherman, Houston, for appellant.

James G. Stouffer, Jr., Michael A. Johnson, Mark C. Rains, Cullen, Carsner, Seerden & Cullen, Victoria, for appellees.

## OPINION

PER CURIAM.

The trial court dismissed the present case for lack of prosecution on October 21, 1992. Plaintiff, Robert W. Hosey filed a motion to reinstate on November 9, 1992, and a timely notice of appeal on December 3, 1992. However, a cost bond, cash deposit, or pauper's affidavit was necessary to perfect appeal. Thus, Hosey filed with this court on March 3, 1993 a motion, and on March 12, 1993, an amended motion, to extend his time to file a pauper's affidavit, with a copy of such pauper's affidavit attached as an exhibit.

We note that under Texas Rule of Appellate Procedure 41(a)(2) the 15–day time limit for requesting from this court an extension of time to perfect appeal had passed before Hosey filed the present motion. We are aware that the Texas Supreme Court in *Grand Prairie Independent School District v. Southern Parts Imports, Inc.*, 813 S.W.2d 499 (Tex.1991) said that, "[i]f the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal." *Id.* at 500.

However, the simple filing of a notice of appeal, as was done in this case, absent additional actions, does not establish, by itself, a bona fide attempt to invoke our jurisdiction and perfect an appeal. *See Wilcox v. Seelbinder*, 840 S.W.2d 680 (Tex. App.—El Paso 1992, no writ); *cf. Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668 (Tex. 1989) (misunderstanding of law is a reasonable explanation under Rule 41(a)(2) excusing failure to timely file cost bond).

We hold that we are without jurisdiction to allow Hosey to now file a pauper's affidavit in order to invoke the jurisdiction of the appellate court beyond the ordinary time limits allowed by the Texas Rules of Appellate Procedure.

We deny appellant's motion and order the present appeal dismissed for want of jurisdiction.