Algie **LINWOOD,** Appellant,

v.

**NCNB OF TEXAS,** Appellee.

No. **05–92–00196–CV.**

Court of Appeals of Texas, Dallas.

Feb. 1, 1994.

Rehearing Denied March 15, 1994.

---

Donald R. Black, Tammy Daniels Low, Dallas, for appellant.

Donald W. Hill, Yusuf Abdullah, Dallas, for appellee.

Before BAKER, BURNETT and BARBER, JJ.

## OPINION

BURNETT, Justice.

Algie Linwood appeals a summary judgment rendered against him. We conclude that we do not have jurisdiction and therefore dismiss the appeal.

### FACTUAL AND PROCEDURAL HISTORY

Linwood sued appellee NCNB of Texas, asserting contract and tort claims arising out of NCNB's repossession of two trucks. On September 23, 1991, the trial court signed a final summary judgment for NCNB. Linwood requested findings of fact and conclusions of law on September 27, 1991. On October 3, 1991, Linwood filed a notice of appeal. Neither party filed a motion for new trial. On November 15, 1991, more than thirty days but less than ninety days after the final judgment, Linwood filed a cost bond. We now determine whether appellant timely perfected his appeal.

### APPLICABLE LAW

If an appellant does not file a timely appeal bond, the appeal is a nullity, and we must dismiss the cause from this Court's docket. *See* TEX.R.APP.P. 13(i); *Wilcox v. Seelbinder,* 840 S.W.2d 680, 683 (Tex.App.—El Paso 1992, writ denied). When security is required, rule 41(a)(1) of the Texas Rules of Appellate Procedure requires an appellant to file his cost bond (or bond substitute) within thirty days from the date that the trial court signs the final judgment. TEX.R.APP.P. 41(a)(1). The rule extends that time period to ninety days under two circumstances: (1) if any party has filed a timely motion for new trial, or (2) if any party has timely filed a request for findings of fact or conclusions of law in a case tried without a jury. TEX.R.APP.P. 41(a)(1). The Texas Supreme Court recently established a third method of extending the timetable: when an appellant files an instrument in a "bona fide attempt to invoke the appellate court jurisdiction." *Grand Prairie Indep. Sch. Dist. v. Southern Parts,* 813 S.W.2d 499, 500 (Tex.1991).

Since appellant filed his cost bond after expiration of the thirty-day deadline, we must determine whether the appellate timetable had been extended so that appellant timely perfected this appeal. Because neither party filed a motion for new trial, we will only address the second and third methods of extending the appellate timetable.

### APPLICATION OF LAW TO FACTS

*1. Bona Fide Attempt?*

■ A court of appeals has jurisdiction over an appeal when the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *Grand Prairie Indep. Sch. Dist.,* 813 S.W.2d at 500; *Jinkins v. Bryan,* 733 S.W.2d 268, 269 (Tex. App.—Amarillo 1987, no writ). If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on the appellant's motion, must allow the appellant an

opportunity to amend or refile the instrument required by law or our rules to perfect the appeal. When an appellant makes a bona fide attempt to invoke this Court's jurisdiction, we do not dismiss the appeal without giving the appellant an opportunity to correct the error. *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex.1989).

Appellant filed a notice of appeal on October 3, 1991. The question is whether that notice of appeal was a bona fide attempt to invoke this Court's jurisdiction. We conclude that it was not.

When the law requires security for costs, an appeal is perfected when the bond, cash deposit, or an affidavit in lieu thereof has been filed or made, or if the affidavit is contested, when the contest is overruled. TEX.R.APP.P. 40(a)(1). When security for costs is not required by law, the appellant shall in lieu of a bond file a written notice of appeal. TEX.R.APP.P. 40(a)(2). Security is required by law in all but a few circumstances. *See, e.g.,* TEX.PROB.CODE ANN. art. 12(c) (Vernon Supp.1994) (exempting executor or administrator from security requirement); TEX.CIV.PRAC. & REM.CODE ANN. §§ 6.001(b), 6.002(b), 6.003(b), 64.091(d)(4), 104.006 (Vernon 1986 & Supp.1994) (listing governmental entities exempt from bond requirement); TEX.ALCO.BEV.CODE ANN. § 5.46 (Vernon 1978) (exempting representative of commission from security for costs).

■ Absent the availability of an exemption, private litigants may not perfect an appeal by filing a notice of appeal. *Wilcox,* 840 S.W.2d at 683. We conclude that the filing of a notice of appeal by a private litigant is not a bona fide attempt to invoke our jurisdiction and perfect an appeal. *See Hosey v. County of Victoria,* 852 S.W.2d 963, 963 (Tex.App.—Corpus Christi 1993, no writ); *Wilcox,* 840 S.W.2d at 681. We hold that the notice of appeal did not operate to invoke this Court's jurisdiction.

## 2. Request for Findings of Fact

■ Findings of fact are appropriate only when the court is deciding issues of fact. *See City of Grand Prairie v. City of Irving,* 441 S.W.2d 270, 273 (Tex.Civ.App.—Dallas 1969, no writ). To require findings of fact and conclusions of law under rule 296 of the Texas Rules of Civil Procedure, there must be an evidentiary hearing to the court upon conflicting evidence. TEX.R.CIV.P. 296; *Zimmerman v. Robinson,* 862 S.W.2d 162, 164 (Tex.App.—Amarillo 1993, n.w.h.). A case must be "tried" before a request for findings and conclusions will extend the appellate timetable. TEX.R.CIV.P. 296; TEX.R.APP.P. 41(a)(1); *Zimmerman,* 862 S.W.2d at 164.

In granting a motion for summary judgment, the trial court determines that no material issues of fact exist. Conversely, when a court denies such a motion, the court holds that there are material issues of fact to be tried, but does not decide them. *Kovac v. Hicks,* 416 S.W.2d 496, 497 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.) (quoting *Rolfe v. Swearingen,* 241 S.W.2d 236, 241 (Tex.Civ.App.—San Antonio 1951, writ ref'd n.r.e.)). Therefore, a case decided by summary judgment has not been "tried" for purposes of requesting findings of fact and conclusions of law. *See Zimmerman,* 862 S.W.2d at 164. Because a summary judgment is not tried for purposes of requesting findings of fact and conclusions of law, such a request does not extend the appellate timetable.

It is not error in a summary judgment case for the trial court to refuse to make findings and conclusions. *Ramirez v. Gordon's Jewelry Co. of Texas,* 763 S.W.2d 34, 37–38 (Tex.App.—Corpus Christi 1988, no writ). If the trial court does make findings and conclusions in a summary judgment case, the appellate court does not consider them. *State v. Easley,* 404 S.W.2d 296, 297 (Tex. 1966); *Gallop v. Seagoville Inv., Inc.,* 417 S.W.2d 727, 729 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.). Because a request for findings of fact is inappropriate when the trial court decides the case by summary judgment, we conclude that the request does not operate to extend the appellate timetable.

We hold that rule 41(a)(1) does not allow a party to extend the appellate timetable by requesting findings of fact when the trial court decides the case by summary judgment. Because appellant's cost bond was not

filed until after the thirty-day deadline had expired, we have no jurisdiction to decide the merits of this appeal. Accordingly, we dismiss the appeal.