IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-212-CV





CURTISS RAY HOLLOWAY,



 APPELLANT


vs.





CAPTAIN ALAN TROLLENGER,



 APPELLEE


 




FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 15544, HONORABLE CLAYTON E. EVANS, JUDGE



 




PER CURIAM



 Appellant Curtiss Ray Holloway seeks to appeal from an order of dismissal
rendered by the district court of Burnet County on February 17, 1994, in his suit against appellee
Captain Alan Trollenger. Holloway timely filed a notice of appeal; however, the transcript (1) does
not show that Holloway is a person who may perfect an appeal by filing only a notice of appeal. 
See Tex. Gov't Code Ann. § 6.001-.003 (West 1986 & Supp. 1994); Tex. R. App. P. 40. 
Holloway did file a motion to proceed in forma pauperis and an affidavit in support of the motion
("affidavit of inability") on May 9, after the deadline for perfecting the appeal. See Tex. R. App.
P. 41(a) (cost bond, cash deposit, or affidavit of inability shall be filed within thirty days after
trial court signs judgment). 

 Accordingly, the Clerk notified Holloway, by letter, that he might file a motion in
this Court seeking to amend the notice of appeal with the affidavit. When a party makes a bona
fide attempt to invoke an appellate court's jurisdiction, the court must allow an opportunity to
amend the perfecting instrument to comply with the applicable rules of appellate procedure on the
party's motion. Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989); but see
Linwood v. NCNB of Tex., 876 S.W.2d 393, 395 (Tex. App.--Dallas 1994, writ requested) (private
litigant's notice of appeal was not bona fide attempt to invoke appellate jurisdiction); Hosey v.
County of Victoria, 852 S.W.2d 963 (Tex. App.--Corpus Christi 1993, no writ) (filing of notice
of appeal, without additional actions, was not bona fide attempt to invoke appellate jurisdiction).

 As this Court suggested, Holloway filed a motion to amend his notice of appeal on
May 31. That motion does not address the question of amending the notice of appeal with an
affidavit of inability but states only that (1) the notice of appeal should be amended to refer to the
correct appellate court; (2) the notice of appeal should be amended to show a correct date, March
7; and (3) the affidavit of inability should be amended to show the correct date, March 7. 
Regardless of the date shown on that document, the affidavit of inability was not filed with the
Burnet County district clerk until May 9, after the time for perfecting appeal.

 Assuming that Holloway may amend the notice of appeal with the affidavit of
inability, his proof of service does not show that he notified Trollenger of the filing of the
affidavit of inability as Texas Rule of Appellate Procedure 40(a)(3)(B) requires. Rule 40(a)(3)(B)
states, "The appellant . . . shall give notice of the filing of the affidavit to the opposing party or
his attorney . . . within two days after the filing; otherwise, he shall not be entitled to prosecute
the appeal without paying costs or giving security therefor." Tex. R. App. P. 40(a)(3)(B)
(emphasis added); see Jones v. Stayman, 747 S.W.2d 369, 369-70 (Tex. 1987); Wheeler v. Baum,
764 S.W.2d 565, 566 (Tex. App.--Houston [1st Dist.] 1988, orig. proceeding). This notice
provision is mandatory. Matlock v. Allstate Ins. Co., 729 S.W.2d 960 (Tex. App--Corpus Christi,
no writ); Bantuelle v. Renfroe, 620 S.W.2d 635, 637 (Tex. App.--Dallas 1981, no writ).

 Because Holloway did not give the required notice and has not made a cash deposit
or filed a cost bond, this Court has not acquired jurisdiction over the appeal. Willis v. Texas
Dep't of Corrections, 834 S.W.2d 953 (Tex. App.--Tyler 1992, no writ); Gonzalez v. Doctors
Hosp.--East Loop, 814 S.W.2d 536, 537 (Tex. App.--Houston [1st Dist.] 1991, no writ); see
Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978) (filing cost bond is necessary and
jurisdictional step in taking appeal). Accordingly, we must dismiss the appeal for want of
jurisdiction. Davies, 561 S.W.2d at 801; Willis, 834 S.W.2d at 953; Gonzalez, 814 S.W.2d at
537.

 The appeal is dismissed for want of jurisdiction.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: August 31, 1994

Do Not Publish
1. [1] The transcript was due to be filed in this Court no later than April 18, 1994; a motion for
extension of time to file the transcript was due fifteen days later on May 3. Tex. R. App. P.
54(a), (c). The Clerk of this Court received the transcript on May 18 and a motion for an
extension of time to file the transcript on May 9. Because we determine that Holloway has not
properly perfected an appeal, we do not determine the effect of the affidavit of the Burnet County
clerk in which she asks for additional time within which to prepare a transcript, received on April
22. See Riviea v. Marine Drilling Co., 787 S.W.2d 189, 191 (Tex. App.--Corpus Christi 1990,
no writ).