**IKB INDUSTRIES (Nigeria) Limited, Petitioner,**

v.

**PRO–LINE CORPORATION, Respondent.**

No. 95–0703.

Supreme Court of Texas.

Jan. 31, 1997.

Robert H. Westerburg, Dallas, for petitioner.

Robert R. Gibbons, Dallas, for respondent.

Before PHILLIPS, C.J., and GONZALEZ, CORNYN, ENOCH, SPECTOR, OWEN and ABBOTT, JJ.

HECHT, Justice.

■ Here, the sole question is whether requesting findings of fact and conclusions of law following dismissal of a case as a sanction for discovery abuse extends the time for perfecting appeal under Rule 41(a)(1) of the Texas Rules of Appellate Procedure. The court of appeals answered no. 901 S.W.2d 568. Under the circumstances of this case, as we explain, we disagree.

IKB Industries (Nigeria) Limited sued Pro–Line Corporation. Pro–Line moved to dismiss IKB's action as a sanction for discovery abuse. *See* TEX.R. CIV. P. 215. After a hearing, for which there is no statement of facts, the district court granted the motion, struck IKB's pleadings, and dismissed the action with prejudice. The court's judgment recites that the court considered "the Court's file—including all pleadings, affidavits, and deposition excerpts filed with the Court (and of which the Court takes judicial notice) *and ... the testimony* and argument *of counsel.*" (Emphasis added.) The judgment contains seven pages of findings that the court made, as the judgment recites, "from the evidence before it".

Notwithstanding these findings, IKB filed a request for findings of fact and conclusions of law, referencing Rule 296 of the Texas Rules of Civil Procedure. Rule 296 states in part:

In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Such request ... shall be filed within twenty days after judgment is signed....

IKB's request was filed eight days after the dismissal order was signed. The district court did not respond to IKB's request.

A timely filed request for findings of fact and conclusions of law extends the deadline for perfecting appeal from 30 to 90 days after the judgment is signed "in a case tried without a jury." TEX.R.APP. P. 41(a)(1). Since IKB filed a cost bond 49 days after the dismissal order was signed, IKB perfected appeal only if its request for findings and conclusions extended the deadline for doing so from 30 to 90 days—that is, only if the case was "tried without a jury" within the meaning of Rule 41(a)(1).

■ Not every case finally adjudicated without a jury trial is "a case tried without a jury" within the meaning of Rule 41(a)(1). For instance, we held in *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex.1994), that a request for findings in a case concluded by summary judgment does not extend appellate deadlines. The reason is not that a summary judgment proceeding is in no sense a trial. On the contrary, we have held that "[a] summary judgment proceeding is a trial within the meaning of Rule 63" of the Texas Rules of Civil Procedure, which governs amendment of pleadings. *Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988). True, a "summary judgment proceeding is not a conventional trial but rather an exception to the usual and traditional form of procedure wherein witnesses are heard in open court and documentary evidence is offered and received in evidence." *Richards v. Allen,* 402 S.W.2d 158, 160 (Tex.1966). But this distinction was not the basis for our decision in *Linwood.*

Instead, *Linwood* takes a functional approach to Rule 41(a)(1). It holds, not that a summary judgment is not a trial within the meaning of the rule, but that "findings of fact and conclusions of law have no place in a summary judgment proceeding". *Linwood,* 885 S.W.2d at 103. The reason findings and conclusions "have no place" in a summary judgment proceeding is that for summary judgment to be rendered, there cannot be a "genuine issue as to any material fact", TEX.R. CIV. P. 166a(c), and the legal grounds are limited to those stated in the motion and response, *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993). In other words, if summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response. The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment. Because a request for findings

and conclusions following summary judgment can have no purpose, should not be filed, and if filed, should be ignored by the trial court, such a request should not extend appellate deadlines. *Linwood* rejects a broad construction of Rule 41(a)(1) that would cause the filing of a request for findings and conclusions to extend the time for perfecting appeal in every case adjudicated without a jury.

The most restrictive construction of Rule 41(a)(1) would not allow a request for findings and conclusions to extend the time for perfecting appeal unless the request was proper under Rule 296—that is, "[i]n any case tried in the district or county court without a jury". Our approach to applying this language, similar to the language of Rule 41(a)(1), has also been functional. A party is not entitled to findings of fact and conclusions of law following summary judgment, *Linwood*, 885 S.W.2d at 103, judgment non obstante veredicto, *Fancher v. Cadwell*, 159 Tex. 8, 314 S.W.2d 820, 822 (1958), or judgment after directed verdict, *Ditto v. Ditto Investment Co.*, 158 Tex. 104, 309 S.W.2d 219, 220 (1958), again, not because these adjudications are in no sense trials. Indeed, judgment non obstante veredicto is rendered after a full trial and verdict. Rather, a party is not entitled to findings and conclusions in such instances because judgment must be rendered as a matter of law. Were there facts to find the three judgments we have listed are the only ones to which Rule 296 does not apply. The point is simply that Rule 296, like Rule 41(a)(1), is not governed by a definition of the word, "trial", common to both, but by their respective purposes.

The problem with a restrictive construction of Rule 41(a)(1)—not allowing a party's request for findings and conclusions to extend the time for perfecting appeal unless the party is entitled to findings and conclusions under Rule 296—is that it conflicts with the purpose of Rule 41(a)(1). This is because the purposes of Rule 296 and Rule 41(a)(1) are not identical.

■ The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court.

In other cases findings and conclusions are proper, but a party is not entitled to them. For example, in a case like this one in which judgment is rendered as a sanction for discovery abuse, findings for imposing sanctions may be helpful, and we have encouraged their use. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 n. 9 (Tex.1991); *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex.1992). But we do not require them for two reasons. One is practical: they are often unnecessary, and requiring them in every case would unduly burden trial courts. As we explained in *Blackmon:*

> [W]e do not wish to unnecessarily burden our trial courts by requiring them to make written findings in all cases in which death penalty sanctions are imposed. First, the benefit of the trial court's explanation in the record of why it believes death penalty sanctions are justified may be sufficient to guide the appellate court. Second, written findings are not needed in the vast majority of relatively uncomplicated cases or even more complex cases involving only a few issues pertinent to the propriety of death penalty sanctions. We doubt that findings in such cases would meaningfully assist appellate review.

841 S.W.2d at 852. The other reason findings are not required whenever they may be useful is that appellate courts are not obliged to give them the same level of deference. A legally correct judgment based on findings of fact made after a trial on the merits cannot be set aside on appeal if the findings are supported by sufficient evidence. *Harris County Flood Control Dist. v. Shell Pipe Line Corp.*, 591 S.W.2d 798, 799 (Tex.1979). An order imposing discovery sanctions, on the other hand, may be reversed for an abuse of discretion even if findings and evidence support it. *Blackmon*, 841 S.W.2d at 852–853. There is less reason to require findings when they are not as binding on appeal.

■ The purpose of Rule 41, on the other hand, is to prescribe the time for perfecting appeal. The deadline is 30 days after the judgment is signed, unless extended by the filing of a motion for new trial or of a request for findings and conclusions in a case tried without a jury. The first exception affords

the trial court time to consider and decide the motion. The second exception allows the trial court time to state the basis for its judgment so that a party may determine whether to appeal. Often, perhaps usually, the decision to appeal is not controlled by the court's findings and conclusions; nevertheless, the purpose of Rule 41(a)(1) is to allow time for the court to make them and the parties to consider them. The purpose of the second exception is served not only when findings are required by Rule 296, but whenever they may be useful for appellate review—as when a case has been dismissed for discovery abuse.

Allowing a request for findings and conclusions to extend the deadline for perfecting appeal when a party is not entitled to findings and conclusions under Rule 296 does not impair the purpose of Rule 296. However, not to allow such a request to extend appellate deadlines *does* impair the purpose of Rule 41(a)(1) by depriving a party of a statement of the basis of the trial court's ruling to allow the party to determine whether to appeal. A restrictive construction of Rule 41(a)(1) thus conflicts with the core rationale of *Linwood*—that the rule should be construed to accomplish its purpose.

■ To summarize: A request for findings of fact and conclusions of law does not extend the time for perfecting appeal of a judgment rendered as a matter of law, where findings and conclusions can have no purpose and should not be requested, made, or considered on appeal. Examples are summary judgment, judgment after directed verdict, judgment non obstante veredicto, default judgment awarding liquidated damages, dismissal for want of prosecution without an evidentiary hearing, dismissal for want of jurisdiction without an evidentiary hearing, dismissal based on the pleadings or special exceptions, and any judgment rendered without an evidentiary hearing. A timely filed request for findings of fact and conclusions of law extends the time for perfecting appeal when findings and conclusions are required by Rule 296, or when they are not required by Rule 296 but are not without purpose—that is, they could properly be considered by the appellate court. Examples are judgment af-

ter a conventional trial before the court, default judgment on a claim for unliquidated damages, judgment rendered as sanctions, and any judgment based in any part on an evidentiary hearing.

In the present case, although sanctions were imposed largely on the basis of discovery requests and responses that are a matter of record and indisputable, there appears to be a factual dispute over IKB's explanations for its alleged discovery abuse. The trial court's extensive findings themselves indicate a resolution of disputed factual matters apart from the filings included in the transcript. Applying the rule we have adopted, we hold that IKB's request for findings and conclusions extended the deadline for perfecting appeal. Thus, the court of appeals erred in dismissing the appeal.

The dissent argues that whether a request for findings extends the time for perfecting appeal should depend upon the standard of review. By this standard, a request for findings following dismissal for discovery abuse, as in this case, would not extend the time for appeal even though we have encouraged trial courts to make these findings, and they can be considered on appeal. Moreover, it sometimes happens that the standard of review has not been finally determined. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757–758 (Tex. 1993). Thus the standard the dissent would apply is less certain than the one we adopt.

Accordingly, the Court grants IKB's application for writ of error and without hearing oral argument reverses the judgment of the court of appeals and remands the case to that court for a consideration of other issues raised. TEX.R.APP. P. 170.

BAKER, Justice, dissenting.

Today the Court holds that a timely request for findings of fact and conclusions of law extends the time for perfecting appeal when findings and conclusions are required by Rule 296, or when they are not required by Rule 296 but are not without purpose— that is, they could properly be considered by the appellate court. The Court opines that its new rule does not conflict with the core rationale of *Linwood*—which is a functional approach that rejects a broad construction of

Rule 41(a)(1) that would allow the filing of a request for findings and conclusions to extend the time for perfecting appeal in every case adjudicated without a jury. *See Linwood v. NCNB of Texas*, 876 S.W.2d 393 (Tex.App.—Dallas), *rev'd on other grounds*, 885 S.W.2d 102 (Tex.1994).

I respectfully disagree. The rule the Court adopts continues to unduly complicate, rather than simplify, the issue raised in this case. In my view, the rule the Court adopts:

- Is in fact contrary to *Linwood's* functional approach to construing Rule 41(a)(1);

- Requires the appellate court to review the entire record to accurately determine if the evidentiary hearing did in fact involve the trial court's resolution of discrete fact issues outside the scope of the pleadings, motions, documents, and arguments of counsel;

- Ignores appellate standards of review that establish whether the trial court must resolve discrete fact questions, and the impact these standards of review have upon a particular appeal; and

- Adds delay to many appeals—an additional sixty days—when the judicial system is under fire from the legal community and the general public for the inordinate time—and concomitant costs—it takes to process a controversy through the system.

I believe a more appropriate and more workable rule is that whether a request for findings of fact and conclusions of law extends the time to appeal depends upon the standard of review that applies to the particular appeal. In my view, this rule would:

- Support *Linwood's* functional approach to construing Rule 41(a)(1);

- Permit the parties to determine immediately whether findings and conclusions are necessary to the appeal and therefore necessary to request and extend the time to perfect the appeal;

- Permit the appellate court to determine immediately—without the necessity of reviewing the entire record—whether the request for findings and conclusions

extends the time to perfect the appeal; and

- Avoid additional delays in processing and disposing of many appeals.

## I. REQUESTS FOR FINDINGS OF FACT

Rule 41(a)(1) clearly relates to Rule 296. *See* TEX.R.APP. P. 41(a)(1) and TEX.R. CIV. P. 296. Rule 296 only entitles a party to findings of fact and conclusions of law in cases tried in district or county court without a jury. *Chavez v. Housing Auth. of El Paso*, 897 S.W.2d 523, 525 (Tex.App.—El Paso 1995, writ denied). A court tries a case when there is an evidentiary hearing upon conflicting evidence. *Linwood*, 876 S.W.2d at 395; *Chavez*, 897 S.W.2d at 525. Accordingly, findings of fact are appropriate only when the court is deciding fact issues. *Chavez*, 897 S.W.2d at 525. Where the court rules without determining discrete fact questions, requests for finding of fact and conclusions of law are neither appropriate nor effective for extending appellate deadlines. *WISD Taxpayers Ass'n v. Waco Indep. Sch. Dist.*, 912 S.W.2d 392, 394 (Tex.App.—Waco 1996, no writ); *Chavez*, 897 S.W.2d at 525–26. Findings specifically tied to an appropriate legal standard are the only type of findings that can be truly beneficial to appellate review. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 853 (Tex.1992).

## II. PRINCIPAL APPELLATE STANDARDS OF REVIEW

### A. ABUSE OF DISCRETION

Under an abuse of discretion standard, the appellate court reviews the entire record to determine if the trial court acted arbitrarily and unreasonably, and thus abused its discretion. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). The reviewing court may not reverse the trial court for an abuse of discretion because it disagrees with the trial court's decision so long as that decision is within the trial court's discretionary authority. *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex.1991); *Downer v.*

*Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985).

Under an abuse of discretion standard of review, the appellate court does not review factual issues decided by the trial court under legal or factual sufficiency standards. *Crouch v. Tenneco, Inc.*, 853 S.W.2d 643, 649 (Tex.App.—Waco 1993, writ denied). Under an abuse of discretion standard of review, legal and factual sufficiency claims are not independent, reversible grounds of error, but rather merely factors to consider in assessing whether the trial court abused its discretion. *Buller*, 806 S.W.2d at 226. Under an abuse of discretion standard of review, findings of fact and conclusions of law are neither appropriate nor required. *Crouch*, 853 S.W.2d at 649.

An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence supports the trial court's decision. *See Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993). An abuse of discretion does not exist if some evidence in the record shows the trial court followed guiding rules and statutes. *Crouch*, 853 S.W.2d at 649.

### B. EVIDENTIARY STANDARD OF REVIEW

Legal and factual sufficiency of the evidence standards of review govern appeals of nonjury trials on the merits. *Blackmon*, 841 S.W.2d at 852; Hall, *Standards of Appellate Review in Civil Appeals*, 21 ST. MARY'S L.J. 865, 919–20 (1990). When a party appeals from a nonjury trial, it must complain of specific findings and conclusions of the trial court, because a general complaint against the trial court's judgment does not present a justiciable question. *Fiduciary Mortgage Co. v. City Nat'l Bank*, 762 S.W.2d 196, 204 (Tex.App.—Dallas 1988, writ denied). Accordingly, findings of fact and conclusions of law are mandatory for a party to file to avoid the onerous presumptions that apply in an appeal from a nonjury trial. When an appellant does not request or file findings and conclusions by the trial court, the appellate court presumes the trial court found all fact questions in support of its judgment, and the reviewing court must affirm that judgment on any legal theory finding support in the pleadings and evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987).

If the appellant does not challenge the trial court's findings of fact, when filed, these facts are binding upon both the party and the appellate court. *Wade v. Anderson*, 602 S.W.2d 347, 349 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). Accordingly, it is incumbent for the appellant to attack the findings by appropriate legal and factual sufficiency points of error. *Lovejoy v. Lillie*, 569 S.W.2d 501, 504 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

In an appeal of a nonjury trial, findings are specifically and meaningfully tied to appropriate standards of appellate review and are therefore truly beneficial to appellate review. *See Blackmon*, 841 S.W.2d at 853.

### III. DISMISSAL AS A DISCOVERY SANCTION

The appellate standard of review of a trial court order dismissing a case as a discovery sanction is abuse of discretion. *Blackmon*, 841 S.W.2d at 852; *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 n. 9 (Tex.1991). Findings are neither appropriate nor required under an abuse of discretion standard. *Crouch*, 853 S.W.2d at 649. Findings are not tied to the appellate standard of review and are not necessarily beneficial to appellate review. Accordingly, under the rule I propose, I would hold that findings and conclusions did not extend the appellate timetable in this case. I would affirm the court of appeals' judgment dismissing the appeal and deny the writ.

### IV. CONCLUSION

The Court asserts that the rule it adopts is better than the one I propose because it sometimes happens that the appellate standard of review has not been finally determined. Thus, the Court concludes that the standard I would apply is less certain than the one it adopts. I beg to differ again.

There is a substantial body of statutory and case law that establishes appellate standards of review. Moreover, the bench and bar are fortunate to have available two excel-

lent law review articles that put this body of law together for ready reference. *See generally* Hall, *Standards of Appellate Review in Civil Appeals,* 21 ST. MARY'S L.J. 865 (1990) and Hall, *Revisiting Standards of Review in Civil Appeals,* 24 ST. MARY'S L.J. 1045 (1993). "The law prescribing the standard of review to a particular ruling is complex but relatively well settled." Hecht, *Forward: Revisiting Standards of Review in Civil Appeals,* 24 ST. MARY'S L.J. 1041, 1041 (1993).

Today the Court needlessly establishes a new standard when existing standards will better solve the problem. I respectfully dissent.