COURT
OF APPEALS

                                      SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-386-CV

 

 

ERIC GANT                                                                        APPELLANT

 

                                                   V.

 

GRAND PRAIRIE FORD, L.P.                                                     APPELLEE

 

                                              ------------

 

            FROM THE 96TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Eric Gant, pro se, appeals from a
trial court order dismissing his claims against Appellee Grand Prairie Ford,
L.P. after Gant failed to fund a vexatious-litigant bond as ordered by the
court.  We affirm.








                                            Background

Appellant sued Appellee for $100 million in
damages for allegedly causing damage to the engine of his 1997 Ford Explorer by
misrepresenting that the engine oil was Aok@
when Appellant submitted the vehicle to Appellee for free inspections on three
occasions.  Appellee filed a general
denial. 

Appellee also filed a motion to deem
Appellant a vexatious litigant.  Appellee
argued that Appellant=s
suit was groundless and that Appellant had filed eight other lawsuits in
federal courts over the prior three years. 
Attached to Appellee=s
motion are documents showing that Appellant refused all vehicle services
recommended by Appellee after each of the free inspections.  Also attached to Appellee=s
motion are docket sheets reflecting eight lawsuits filed by Appellant, pro se,
in federal district courts between 2002 and 2005.  At least five of the those lawsuits ended
with the dismissal of Appellant=s
claims.

On July 11, 2006, the trial court signed an
order finding Appellant to be a vexatious litigant, ordering him to deposit
$2,500 into the registry of the court as security within thirty days of the
order=s date, and warning that if
Appellant failed to pay the security within thirty days, his lawsuit would be
dismissed without further notice.  The
trial court=s docket sheet indicates that
the trial court held a hearing on the motion and that Appellant failed to
appear.  No reporter=s
record has been filed with this Court.








Twenty days after the trial court signed the
order, Appellant filed a motion to extend time to deposit the security, citing
as good cause a litany of allegations against Appellee, apparently in an
attempt to show that his claim had merit. 
Forty-two days later, Appellant filed a no-evidence motion for summary
judgment on his claims.

On September 26, 2006, eighty-one days after
it ordered Appellant to deposit the security, the trial court denied his motion
to extend time and dismissed the suit with prejudice.  Appellant filed a request for findings of
fact and conclusions of law, which the trial court denied.  This appeal followed.

                                             Discussion

A.              
Vexatious-litigants
statute








To put Appellant=s issues
into context, we turn to the vexatious-litigants statute, chapter 11 of the
civil practice and remedies code.  See
TEX. CIV. PRAC.& REM. CODE
ANN. ''  11.051-.056
(Vernon 2002).  On or before the
ninetieth day after a defendant files an original answer or makes a special
appearance in a litigation in this state, it may move the court for an order
determining that the plaintiff is a vexatious litigant and requiring the
plaintiff to furnish security.  Id.
' 11.051.  Upon the filing of such a motion, the
litigation is stayed, and the moving defendant is not required to plead until
ten days after the motion is denied or, if the motion is granted, ten days
after the defendant receives written notice that the plaintiff has furnished
the required security.  Id. ' 11.052.

The court must conduct a hearing to determine
whether to grant the motion.  Id. ' 11.053.  The court may consider any evidence material
to the ground of the motion, including written or oral evidence and evidence
presented by witness or by affidavit.  Id.
 A court may declare a plaintiff a
vexatious litigant if the defendant shows (1) that there is not a reasonable
probability that the plaintiff will prevail in the litigation against the
defendant and (2) among other things, that the plaintiff has commenced,
prosecuted, or maintained in the seven-year period immediately preceding the
date of the motion at least five litigations that have been finally determined
adversely to the plaintiff.  Id. ' 11.054.

If the court determines that the plaintiff is a
vexatious litigant, it must order the plaintiff to furnish security for the
benefit of the moving defendant.  Id.
' 11.055.  If the plaintiff fails to furnish the
security within the time ordered by the court, the court must dismiss the
litigation as to the moving defendant.  Id.
' 11.056.

B.               
Due process








In his first issue, Appellant argues that he was
deprived of his right to due process of law because the trial court dismissed
his lawsuit even though Appellee did not assert affirmative defenses to his
claims or file a response to his no-evidence summary judgment motion.  The gist of Appellant=s
argument is that he was entitled to judgment as a matter of law because
Appellee did not assert affirmative defenses or a summary judgment response;
thus, the trial court erred by dismissing his claims.

Appellee filed a general denial to Appellant=s
claims.  See TEX. R. CIV. P. 92. 
A general denial requires a plaintiff to prove every fact essential to
his case and joins issue on all material facts asserted by the plaintiff except
those which must be denied under oath.  Shell
Chem. Co. v. Lamb, 493 S.W.2d 742, 744 (Tex. 1973); see also TEX. R. CIV. P. 93 (listing pleas which must be
verified).  In contrast to a general
denial, an affirmative defense does not seek to defend merely by denying the
plaintiff=s claims, but rather seeks to establish
an independent reason why the plaintiff should not recover.  Tex. Beef Cattle Co. v. Green, 921
S.W.2d 203, 212 (Tex. 1996).  Thus,
Appellee=s general denial required Appellant to
prove the essential elements of his claims, and Appellee was not required to
assert an affirmative defense to contest Appellant=s
allegations.








Rule 166a(i) permits a party to move for a
no-evidence summary judgment on the essential elements of a claim on which the
adverse party would have the burden of proof at trial. TEX. R. APP. P. 166a(i).  At trial,
Appellant would have the burden of proof on his own claims; thus, he was not
entitled to a no-evidence summary judgment on those claims.  Moreover, the litigation was stayed when
Appellee filed its motion to declare Appellant a vexatious litigant, and
because Appellant never deposited the security ordered by the trial court, ' 11.052
relieved Appellee of the burden of responding to Appellant=s
motion.  See TEX. CIV. PRAC.& REM.
CODE ANN. ' 11.052.

Finally, because Appellant failed to deposit the
security within the time ordered by the trial court, the trial court properly
dismissed his claims under the mandatory dismissal provision of ' 11.056.  See id. ' 11.056.

For these reasons, we hold that the trial court
did not deprive Appellant of his right to due process of law, and we overrule
his first issue.  For the same reasons,
we overrule his third issue, in which he argues that Appellee committed Aprofessional
misconduct@ by presenting an order of dismissal to
the trial court without first answering his no-evidence summary judgment
motion.

C.              
No evidence of
vexatious litigation

In his second issue, Appellant argues that there
is no evidence to support the trial court=s finding
that Appellant is a vexatious litigant. 
Appellant also argues that Appellee was required to present conclusive
evidence that he is a vexatious litigant.








We first note that ' 11.054
does not require conclusive evidence.  By
its express terms, the statute requires proof rising only to the level of a
reasonable probability.  TEX. CIV. PRAC.& REM.
CODE ANN. ' 11.054.

A legal sufficiency challenge may only be
sustained when:  (1) the record discloses
a complete absence of evidence of a vital fact; (2) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact; (3) the evidence offered to prove a vital fact is no more
than a mere scintilla; or (4) the evidence establishes conclusively the
opposite of a vital fact.  Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert.
denied, 526 U.S. 1040 (1999); Robert W. Calvert, "No Evidence"
and "Insufficient Evidence" Points of Error, 38 TEX. L. REV. 361, 362-63 (1960).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could, and
disregard evidence contrary to the finding unless a reasonable factfinder could
not.  City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).








Appellee attached to its motion records showing
that Appellant had refused the services recommended by Appellee after the free
inspections.  This is some evidence
tending to support the trial court=s implied
finding that there was not a reasonable probability that Appellant would prevail
on his $100 million fraud claim.  See
TEX. CIV. PRAC.& REM. CODE
ANN. ' 11.054.  Appellee also attached documents showing that
Appellant had filed at least five litigations in federal court that were finally
determined adversely to Appellant, all within the seven-year period immediately
preceding the date of Appellee=s
motion.  See id.

Considering the evidence favorable to the trial
court=s finding and disregarding the contrary
evidence, we hold that the evidence is legally sufficient to support the trial
court=s finding that Appellant is a vexatious
litigant.  See id.; see also City of
Keller, 168 S.W.3d at 827.  We
overrule his second issue.

D.              
Findings of
fact and conclusions of law

In his fourth issue, Appellant argues that the
trial court erred by denying his request for findings of fact and conclusions
of law regarding the trial court=s
dismissal order.

Findings of fact are not appropriate and should
not be made when they serve no purpose.  IKB
Indus. v. Pro-Line Corp., 938 S.W.2d 440, 443 (Tex. 1997).  A party is not entitled to findings of fact
when a trial court renders judgment as a matter of law.  Id. at 442.








Here, the trial court had a duty as a matter of
statutory law to dismiss Appellant=s lawsuit
when Appellant failed to deposit the required security within the time ordered
by the court.  See TEX. CIV. PRAC.& REM.
CODE ANN. ' 11.056.  To the extent that Appellant=s
request for findings of fact concerned the vexatious-litigant order, that order
already recited the trial court=s finding
that Appellant was a vexatious litigant, and further findings of fact would
have served no purpose.  Therefore, we
overrule Appellant=s fourth issue.

                                             Conclusion

Having overruled all of Appellant=s
issues, we affirm the trial court=s order
of dismissal.

PER CURIAM

 

PANEL B:   GARDNER, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:  July 19, 2007











[1]See TEX. R. APP. P. 47.4.