**DISMISS and Opinion Filed December 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01420-CV

### JOHN JOSEPH GLAD, Appellant
### V.
### PARKLAND HEALTH HOSPITAL SYSTEM, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-00408-B**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Before the Court is appellee's motion to dismiss the appeal. Appellee contends the appeal should be dismissed because appellant failed to timely file his notice of appeal and, therefore, this Court lacks jurisdiction.[1] The motion to dismiss raises the same jurisdictional issue raised in this Court's letter dated November 19, 2014.

Without a timely post-judgment motion extending the appellate timetable, a notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. To be timely, a motion for new trial must be filed prior to or within thirty days after the date the judgment is signed. *See* TEX. R. CIV. P. 329b(a). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

---

[1] Jurisdiction is the power of a court to consider and decide a case. *See Episcopal Diocese of Fort Worth v. Episcopal Church*, 422 S.W.3d 646, 655 (Tex. 2013) ("The most fundamental restraint on judicial power is jurisdiction—our very authority to decide cases in the first place—and if we lack it, we lack it."), *cert. denied*, 135 S. Ct. 435 (2014).

The trial court signed the judgment on July 30, 2014. On September 1, 2014, thirty-three days later, appellant filed a post-judgment motion seeking to reinstate, modify the judgment, and extend "the 'Plenary Power Extension' by TRCP Rules 329b - 329(h), and allow Plaintiff adequate time to perfect his Appeal." Because the post-judgment motion was not filed within thirty days of the date the judgment was signed, the notice of appeal was due on Friday, August 29, 2014.[2] *See* TEX. R. APP. P. 26.1. Although appellant requested an extension to allow adequate time to perfect his appeal, an extension motion alone is not sufficient. To obtain an extension of time to file a notice of appeal, an appellant must file *both* a notice of appeal and an extension motion within fifteen days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on October 30, 2014, more than sixty days past the deadline.

Appellant filed responses to this Court's jurisdictional letter and appellee's motion to dismiss. Appellant makes several arguments in his responses. First, appellant argues the post-judgment motion was timely filed on September 1, 2014 because the trial court was closed on August 29, 2014. August 29, 2014 was a Friday and not a legal holiday. Second, appellant contends the trial court's failure to send him a copy of the judgment "reestablished the timeline in this case." He contends that he secured "receipt of rendition of the Final Order" on August 2, 2014. He argues the time to file his post-judgment motion ran from *that* date and, therefore, the filing of his post-judgment motion on September 1, 2014 was timely. We disagree. Texas Rule of Civil Procedure 306a provides that if a party adversely affected by the judgment has not received notice or acquired actual knowledge of the judgment within twenty days after the

---

[2] We note that appellant filed a request for findings of fact and conclusions of law on July 25, 2014. The request was filed following the hearing but before the judgment was signed. A request for findings of fact and conclusions of law will extend the time for perfecting an appeal if they are required by the rules of civil procedure or may properly be considered by the appellate court. Such a request extends the time for filing a notice of appeal only where a judgment is rendered following an evidentiary hearing. *See IKB Industries, Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 443 (Tex.1997). The judgment in this case recites that the trial court considered appellee's motion for summary judgment, motion to dismiss, and the responses to those motions. Because the trial court's judgment followed a non-evidentiary hearing, the request for findings did not extend the time to file a notice of appeal. *See id.*

judgment is signed, the time for appealing begins on the date the party received notice or learned of the judgment, provided that the party learned of the judgment no later than ninety days after the judgment was signed. *See* TEX. R. CIV. P. 306a(4). By his own admission, however, appellant had actual knowledge of the judgment within twenty days of the date it was signed. For this reason, July 30, 2014, the date the judgment was signed, is the date from which the deadline for filing a post-judgment motion ran. *See id.* Additionally, appellant has not preserved this argument by asserting it in the trial court and obtaining a ruling pursuant to applicable procedure. *See* TEX. R. CIV. P. 306a(5). Finally, appellant cites to appellate rule of procedure 4.5 contending this Court can extend the time for filing his notice of appeal "as the acquired actual knowledge of the order or judgment rendered is within the span of the ninety (90) days after the date of order." Rule 4.5 applies only to notice of orders and judgments of an appellate court. *See* TEX. R. APP. P. 4.5. Moreover, this Court has no authority to alter the time for perfecting an appeal. *See* TEX. R. APP. P. 2.

Because appellant did not file a timely notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). Accordingly, we grant appellee's motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

141420F.P05

/ David Evans/
DAVID EVANS
JUSTICE

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN JOSEPH GLAD, Appellant

No. 05-14-01420-CV        V.

PARKLAND HEALTH
HOSPITAL SYSTEM, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas.
Trial Court Cause No. CC-14-00408-B.
Opinion delivered by Justice Evans.
Justices Francis and Stoddart, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee PARKLAND HEALTH HOSPITAL SYSTEM recover its costs of this appeal from appellant JOHN JOSEPH GLAD.

Judgment entered this 22nd day of December, 2014.

–4–