

# Fourth Court of Appeals
## San Antonio, Texas

August 26, 2019

No. 04-19-00500-CV

**ESTATE OF BRADLEY KEITH JOHNSON,**

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 2017PC0180
Honorable Veronica Vasquez, Judge Presiding

## O R D E R

On August 22, 2019, by mistake, we reissued our August 9, 2019 order. We WITHDRAW our August 22, 2019 order and substitute this order in its stead.

On June 20, 2019, the trial court signed a final judgment granting a motion to dismiss under the Texas Citizens' Participation Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003.

Appellant Mary Ann Johnson timely filed (1) a request for findings of fact and conclusions of law and (2) a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296, 297. Appellant also timely filed a motion for new trial and a notice of appeal.

On August 2, 2019, Appellant moved to abate the appeal and remand the cause to the trial court with an order for it to file findings of fact and conclusions of law. In her motion, Appellant asserts findings of fact and conclusions of law would narrow the issues on appeal.

In their response to Appellant's motion, Appellees ask that the motion be denied. Appellees argue that findings of fact are appropriate "[i]n any case *tried* in the district or county court without a jury," TEX. R. CIV. P. 296 (emphasis added), but here, the case was not tried.

Appellant's burden was to "establish[] by clear and specific evidence a prima facie case for each essential element of [her claims]." *In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c)). In other words, Appellant had to produce clear and specific evidence "sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *See id.* at 590.

In its judgment dismissing the case, the trial court stated that "Plaintiff failed to introduce 'clear and specific evidence' of one or more of the essential elements of her causes of action." The trial court did not have to find facts to determine that Appellant failed to "establish[] by clear and specific evidence a prima facie case for each essential element of [her claims]." *See id.*

We conclude that findings of fact in these circumstances were not required or appropriate. *See, e.g.*, *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997).

Appellant's motion to abate this appeal is DENIED.

We REINSTATE the appellate timetable. Appellant's brief is due within TWENTY DAYS of the date of this order.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of August, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court