

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00144-CV

**DEBRA ANN HOLLAND,**

**Appellant**

 **v.**

**WILLIAM DALLAS HOLLAND, JR.,**

**Appellee**

**From the 413th District Court
Johnson County, Texas
Trial Court No. DC-C202000541**

## MEMORANDUM OPINION

Debra Ann Holland has attempted to appeal the trial court's summary judgment rendered against her on March 8, 2021. By letter dated July 26, 2021, the Clerk of this Court notified Holland that her appeal appeared untimely because even if findings of fact and conclusions of law were timely requested, they would not extend the time to file a notice of appeal and because Holland's motion for new trial was not timely filed. In the same letter, the Clerk warned Holland that the appeal would be dismissed unless, within 14 days from the date of the letter, Holland filed a response with the Court showing

grounds for continuing the appeal.

Fourteen days passed, and Holland did not file a response. However, Holland filed a response, postmarked August 10, 2021, one day beyond the 14-day window.

Even if Holland's response had been timely filed, it did not show grounds for continuing the appeal. Holland contended in her response that both her request for findings of fact and conclusions of law and her motion for new trial were timely filed. She attached postal receipts in an attempt to prove the documents' timeliness by showing when the documents were mailed. However, these receipts only show that unknown items were mailed. There is no showing, other than Holland's handwritten notations, as to what was mailed and to whom it was sent.

The Texas Supreme Court has said that a party is not entitled to findings of fact and conclusions of law following summary judgment, and a request in that situation does not extend the time for perfecting an appeal of the summary judgment. *Ikb Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 442-443 (Tex. 1997). Thus, even if Holland's request for findings of fact and conclusions of law was timely filed, it does not extend the time for Holland to file a notice of appeal.

Further, because we could not determine the timeliness of Holland's motion for new trial from her response or from other documents on file, we requested a clerk's record from the trial court clerk, limited to a docket sheet or index and the motion for new trial filed allegedly by Holland, including a copy of any envelope or container in which the motion for new trial was received.

Upon receipt of the limited clerk's record, we learned that Holland's motion for new trial was signed on April 7, 2021, but not received and filed until April 19, 2021. Although the clerk did not copy the entire postmark on the envelope, we are able to discern that the envelope was postmarked on April 12, 2021, and the postage was printed on April 12, 2021. The envelope is filed as part of the motion for rehearing based on the limited clerk's record (it is not indexed in any way as being a separate document of any type). Moreover, we specified that the limited record include the mail receptacle in which the motion for new trial was received. Based on the docket sheet, which was also specifically requested and made part of the limited clerk's record, the envelope could have been for nothing else. Also based on the docket sheet, nothing else was received from the time of the filing of the request for findings of fact and conclusions of law and the motion for new trial.

To the extent Holland has argued that, under Rule 4 of the Texas Rules of Civil Procedure, she has an additional 10 days, that rule only applies if the postage cancellation stamp indicates it was timely mailed; and in this instance, it does not. The postage cancellation stamp indicates that it was mailed 5 days after the due date. Accordingly, the motion for new trial was not timely filed and, therefore, cannot operate to extend the time in which to file a notice of appeal to invoke this Court's jurisdiction.

There being nothing timely filed to extend the time to file a notice of appeal, Holland's notice of appeal was due on April 7, 2021. *See* TEX. R. APP. P. 26.1. It was not filed until June 28, 2021. This date being more than 15 days from the date the notice of appeal was due, Holland's motion for extension of time to file her notice of appeal cannot

extend the time to file her notice of appeal and is, therefore, denied.  *See* TEX. R. APP. P.

26.3.

Accordingly, we have no jurisdiction of this appeal, and it is dismissed.  TEX. R.

APP. P. 42.3 (a), (c).

Any other outstanding motions or requests are dismissed as moot.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Jim R. Wright[1]
Appeal dismissed
Motions denied and dismissed as moot
Opinion delivered and filed August 25, 2021
[CVO6]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.