**AFFIRMED and Opinion Filed July 29, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00568-CV

## BEHROOZ KHADEMAZAD, Appellant
## V.
## THORA PATRICIA KHADEMAZAD, Appellee

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-21321-V**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

Behrooz Khademazad appeals the trial court's post-divorce-decree enforcement order denying Behrooz' claims for reimbursement. In a single issue, Behrooz argues the trial court erred in denying his motion for reimbursement of certain mortgage related payments. We affirm the trial court.

A final decree divorcing Behrooz from Thora Khademazad was signed in April 2017. In October 2017, Thora filed a petition for enforcement of the property division, and Behrooz filed a counter-petition for enforcement of the property division in November 2017. Among other things, Behrooz alleged that he and Thora each owned an undivided fifty percent share in a property identified as The Terraces

at Cedar Hill. Behrooz cited the trial court's October 4, 2017 order requiring the receiver in the underlying proceedings to withdraw $25,000 from the registry of the court, pay down the delinquent mortgage on The Terraces, and pay back to the registry $25,000 once the receiver was able to sell the property that was part of The Terraces. Behrooz alleged he spent an additional $10,000 to "catch up the delinquent mortgage." Behrooz sought an accounting reflecting the amount each party was obligated to pay for their half of the note and costs associated with The Terraces and how much each party actually paid. Based upon this determination, Behrooz requested a money judgment in favor of Behrooz for amounts Thora failed to pay and an order directing Thora to pay her half of all future mortgage payments and other costs related to The Terraces.

Following hearings in May and November 2018, the trial court entered an enforcement order on November 5, 2018 providing, among other things, that Behrooz' claims with respect to The Terraces were not yet ripe because the property had not yet been sold.

In January 2020, following the approved sale of The Terraces, Behrooz filed a first amended motion for reimbursement and enforcement of property division that was heard in conjunction with the continuation of the hearing on his counter-petition. Following the January 14, 2020 hearing, the trial court entered an enforcement order on March 3, 2020 denying Behrooz' "remaining requests in the Motion for Reimbursement and for Enforcement." On March 18, 2020, Behrooz filed a request

–2–

for findings of fact and conclusions of law. On April 8, 2020, Behrooz filed notice of past due findings of fact and conclusions of law. On May 29, 2020, Behrooz filed his notice of appeal.

## I.     Thora's jurisdictional challenge

We first address Thora's argument that Behrooz' request for findings of fact and conclusions of law did not extend the time for filing his notice of appeal because findings of fact and conclusions were not relevant in this suit for "post-judgment enforcement of property division in a divorce decree." A timely filed request for findings of fact and conclusions of law extends the time for perfecting appeal when findings and conclusions are required by Rule 296, or when they are not required by Rule 296 but are not without purpose—that is, they could properly be considered by the appellate court. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). Examples are judgment after a conventional trial before the court, default judgment on a claim for unliquidated damages, judgment rendered as sanctions, and any judgment based in any part on an evidentiary hearing. *Id.* The March 3, 2020 enforcement order appealed from was based on an evidentiary hearing conducted on January 14, 2020.[1] Thus, we conclude the request for findings

---

[1] Additionally, this enforcement order is final as having disposed of the all parties and claims in the counter-petition and motion, unlike the prior appeal that was dismissed for want of jurisdiction. *Khademazad v Khademazad*, No. 05-19-00124-CV, 2019 WL 2865283, at *2 (Tex. App.—Dallas July 3, 2019, no pet.) (appeal dismissed for want of jurisdiction where order appealed from did not finally resolve all claims asserted in petition and counter-petition).

of fact and conclusions of law extended the time for Behrooz to perfect his appeal, and Behrooz' notice of appeal was timely filed. *See id.*

## II. Behrooz' sole issue seeking reimbursement

In his sole issue, Behrooz argues the trial court erred in interpreting the final divorce decree by denying his motions for reimbursement of mortgage payments and other payments he made on The Terraces. Behrooz contends the divorce decree did not explicitly award The Terraces to either him or Thora, but the decree "*did* specifically impose upon each party all obligations incurred in their own names and had them hold the other party harmless for those debts." Thus, Behrooz asserts, he was entitled to reimbursement for mortgage payments he alone made on The Terraces to keep the mortgage up to date following the entry of the divorce decree.

We review the trial court's ruling on a post-divorce motion for enforcement or clarification under an abuse of discretion standard. *In re Marriage of Pyrtle*, 433 S.W.3d 152, 159 (Tex. App.—Dallas 2014, pet. denied). "When, as in this case, a trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment." *Id.* (quoting *DeGroot v. DeGroot*, 369 S.W.3d 918, 921 (Tex. App.—Dallas 2012, no pet.). We must affirm the trial court's judgment if it can be upheld on any legal theory that finds support in the evidence. *Id.*

The divorce decree provided that Thora would indemnify and hold Behrooz harmless from any failure to discharge "debts, charges, liabilities, and other

obligations incurred in [Thora's] name unless express provision is made in this decree to the contrary." The record reflects that the mortgage was incurred in the name of "THE TERRACES, INC.," not Thora. It is undisputed that Behrooz and Thora each signed guaranty agreements obligating them to pay the mortgage on The Terraces. We have been cited no authority, and we have found none, that a guaranty transforms the mortgage debt into an "obligation incurred in [Thora's] name." Thus, the trial court did not abuse its discretion in determining the terms of the divorce decree did not entitle him to reimbursement for mortgage payments he voluntarily made on The Terraces' mortgage. *See id.*

Moreover, we do not agree with Behrooz' assertion that the "language of the [divorce] decree as a whole and the court's later orders and findings made it clear that The Terraces was a community asset (and liability) and that the parties would settle up on their 'mutual responsibilities for the expenses' after it was sold." When property is conveyed to an entity, it becomes the property of the entity and cannot be characterized as either separate or community property of the individual partners. *See Marshall v. Marshall*, 735 S.W.2d 587, 594 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). As Behrooz argues, "[t]he fact that there were no proceeds from which to reimburse Behrooz for paying all of the expenses did not change the language of the decree." The decree did not require Thora to make the mortgage payments on The Terraces, and the record reflects Behrooz made those payments voluntarily, avoiding acceleration of the loan, sale of The Terraces at a foreclosure price, and a "significant

–5–

deficiency judgment taken against both Thora and Behrooz." Based upon the record before us, any such reimbursement was to be from the net proceeds of the sale of The Terraces of which there were none. We conclude the trial court did not err in denying Behrooz' claims for reimbursement. *See In re Marriage of Pyrtle*, 433 S.W.3d at 159. We overrule Behrooz' sole issue.

We affirm.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200568F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BEHROOZ KHADEMAZAD,
Appellant

No. 05-20-00568-CV     V.

THORA PATRICIA
KHADEMAZAD, Appellee

On Appeal from the 303rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-17-21321-
V.
Opinion delivered by Justice
Goldstein. Justices Pedersen, III and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THORA PATRICIA KHADEMAZAD recover her costs of this appeal from appellant BEHROOZ KHADEMAZAD.

Judgment entered this 29th day of July 2022.