COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-386-CV

ERIC GANT APPELLANT

V.

GRAND PRAIRIE FORD, L.P. APPELLEE

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Eric Gant, pro se, appeals from a trial court order dismissing his claims against Appellee Grand Prairie Ford, L.P. after Gant failed to fund a vexatious-litigant bond as ordered by the court.  We affirm.

Background

Appellant sued Appellee for $100 million in damages for allegedly causing damage to the engine of his 1997 Ford Explorer by misrepresenting that the engine oil was “ok” when Appellant submitted the vehicle to Appellee for free inspections on three occasions.  Appellee filed a general denial. 

Appellee also filed a motion to deem Appellant a vexatious litigant. Appellee argued that Appellant’s suit was groundless and that Appellant had filed eight other lawsuits in federal courts over the prior three years.  Attached to Appellee’s motion are documents showing that Appellant refused all vehicle services recommended by Appellee after each of the free inspections.  Also attached to Appellee’s motion are docket sheets reflecting eight lawsuits filed by Appellant, pro se, in federal district courts between 2002 and 2005.  At least five of the those lawsuits ended with the dismissal of Appellant’s claims. 

On July 11, 2006, the trial court signed an order finding Appellant to be a vexatious litigant, ordering him to deposit $2,500 into the registry of the court as security within thirty days of the order’s date, and warning that if Appellant failed to pay the security within thirty days, his lawsuit would be dismissed without further notice.  The trial court’s docket sheet indicates that the trial court held a hearing on the motion and that Appellant failed to appear.  No reporter’s record has been filed with this Court.

Twenty days after the trial court signed the order, Appellant filed a motion to extend time to deposit the security, citing as good cause a litany of allegations against Appellee, apparently in an attempt to show that his claim had merit.  Forty-two days later, Appellant filed a no-evidence motion for summary judgment on his claims.  

On September 26, 2006, eighty-one days after it ordered Appellant to deposit the security, the trial court denied his motion to extend time and dismissed the suit with prejudice.  Appellant filed a request for findings of fact and conclusions of law, which the trial court denied.  This appeal followed.

Discussion

Vexatious-litigants statute

To put Appellant’s issues into context, we turn to the vexatious-litigants statute, chapter 11 of the civil practice and remedies code.  
See 
Tex. Civ. Prac. & Rem. Code Ann. §§  11.051-.056 (V
ernon 
2002).  
On or before the ninetieth day after a defendant files an original answer or makes a special appearance in a litigation in this state, it may move the court for an order determining that the plaintiff is a vexatious litigant and requiring the plaintiff to furnish security.  
I
d. 
§ 
11.051.  Upon the filing of such a motion, the litigation is stayed, and the moving defendant is not required to plead until ten days after the motion is denied or, if the motion is granted, ten days after the defendant receives written notice that the plaintiff has furnished the required security.  
Id.
 § 11.052.

The court must conduct a hearing to determine whether to grant the motion.  
Id. §
 11.053.  The court may consider any evidence material to the ground of the motion, including written or oral evidence and evidence presented by witness or by affidavit.  
Id. 
 A court may declare a plaintiff a vexatious litigant if the defendant shows (1) that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and (2) among other things, that the plaintiff has commenced, prosecuted, or maintained in the seven-year period immediately preceding the date of the motion at least five litigations that have been finally determined adversely to the plaintiff.  
Id. §
 11.054.

If the court determines that the plaintiff is a vexatious litigant, it must order the plaintiff to furnish security for the benefit of the moving defendant.  
Id.
 § 11.055.  If the plaintiff fails to furnish the security within the time ordered by the court, the court must dismiss the litigation as to the moving defendant.  
Id.
 § 11.056.  

Due process

In his first issue, Appellant argues that he was deprived of his right to due process of law because the trial court dismissed his lawsuit even though Appellee did not assert affirmative defenses to his claims or file a response to his no-evidence summary judgment motion.  The gist of Appellant’s argument is that he was entitled to judgment as a matter of law because Appellee did not assert affirmative defenses or a summary judgment response; thus, the trial court erred by dismissing his claims.

Appellee filed a general denial to Appellant’s claims.  
See
 
Tex. R. Civ. P.
  92.  A general denial requires a plaintiff to prove every fact essential to his case and joins issue on all material facts asserted by the plaintiff except those which must be denied under oath.  
Shell Chem. Co. v. Lamb
, 493 S.W.2d 742, 744 (Tex. 1973); 
see also
 
Tex. R. Civ. P.
  93 (listing pleas which must be verified).  In contrast to a general denial, an affirmative defense does not seek to defend merely by denying the plaintiff’s claims, but rather seeks to establish an independent reason why the plaintiff should not recover.  
Tex. Beef Cattle Co. v. Green
, 921 S.W.2d 203, 212 (Tex. 1996).  Thus, Appellee’s general denial required Appellant to prove the essential elements of his claims, and Appellee was not required to assert an affirmative defense to contest Appellant’s allegations.

Rule 166a(i) permits a party to move for a no-evidence summary judgment on the essential elements of a claim on which the adverse party would have the burden of proof at trial.  
Tex. R. Civ. P.
 166a(i).  At trial, Appellant would have the burden of proof on his own claims; thus, he was not entitled to a no-evidence summary judgment on those claims.  Moreover, the litigation was stayed when Appellee filed its motion to declare Appellant a vexatious litigant, and because Appellant never deposited the security ordered by the trial court, § 11.052 relieved Appellee of the burden of responding to Appellant’s motion.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. §
 11.052.

Finally, because Appellant failed to deposit the security within the time ordered by the trial court, the trial court properly dismissed his claims under the mandatory dismissal provision of § 11.056.  
See
 
id.
 § 11.056.

For these reasons, we hold that the trial court did not deprive Appellant of his right to due process of law, and we overrule his first issue.  For the same reasons, we overrule his third issue, in which he argues that Appellee committed “professional misconduct” by presenting an order of dismissal to the trial court without first answering his no-evidence summary judgment motion.

No evidence of vexatious litigation

In his second issue, Appellant argues that there is no evidence to support the trial court’s finding that Appellant is a vexatious litigant.  Appellant also argues that Appellee was required to present conclusive evidence that he is a vexatious litigant.  

We first note that § 11.054 does not require conclusive evidence.  By its express terms, the statute requires proof rising only to the level of a reasonable probability.  
Tex. Civ. Prac. & Rem. Code Ann. §
 
11.054.

A legal sufficiency challenge may only be sustained when:  (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable factfinder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005). 

Appellee attached to its motion records showing that Appellant had refused the services recommended by Appellee after the free inspections.  This is some evidence tending to support the trial court’s implied finding that there was not a reasonable probability that Appellant would prevail on his $100 million fraud claim.  
See 
Tex. Civ. Prac. & Rem. Code Ann. §
 11.054.  Appellee also attached documents showing that Appellant had filed at least five litigations in federal court that were finally determined adversely to Appellant, all within the seven-year period immediately preceding the date of Appellee’s motion.  
See id.

Considering the evidence favorable to the trial court’s finding and disregarding the contrary evidence, we hold that the evidence is legally sufficient to support the trial court’s finding that Appellant is a vexatious litigant.  
See id.; see also 
City of Keller, 
168 S.W.3d at 827
.  We overrule his second issue.

Findings of fact and conclusions of law

In his fourth issue, Appellant argues that the trial court erred by denying his request for findings of fact and conclusions of law regarding the trial court’s dismissal order.

Findings of fact are not appropriate and should not be made when they serve no purpose.  
IKB Indus. v. Pro-Line Corp., 
938 S.W.2d 440, 443 (Tex. 1997).  A party is not entitled to findings of fact when a trial court renders judgment as a matter of law.  
Id.
 at 442.

Here, the trial court had a duty as a matter of statutory law to dismiss Appellant’s lawsuit when Appellant failed to deposit the required security  within the time ordered by the court.  
See 
Tex. Civ. Prac. & Rem. Code Ann. §
 11.056.  To the extent that Appellant’s request for findings of fact concerned the vexatious-litigant order, that order already recited the trial court’s finding that Appellant was a vexatious litigant, and further findings of fact would have served no purpose.  Therefore, we overrule Appellant’s fourth issue.

Conclusion

Having overruled all of Appellant’s issues, we affirm the trial court’s order of dismissal.

PER CURIAM

PANEL B: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  July 19, 2007 

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.