**Opinion filed December 2, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00071-CV

_____

## IN THE INTEREST OF M.F.T. AND S.A.T., CHILDREN

---

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C42895**

---

## MEMORANDUM OPINION

This is an accelerated appeal of a trial court's order terminating parental rights. We affirm.

### I. *Background Facts*

Tawyna Lynn Tate is the mother of M.F.T. and S.A.T. On April 21, 2008, the Department of Family and Protective Services received a report alleging that Tate had physically abused M.F.T., then age fourteen, by pushing her into a wall. M.F.T. had been removed from Tate and placed into foster care twice before, and S.A.T. had been removed once before. While the April report was under investigation, Tate slapped eight-year-old S.A.T. in the face. Tate was arrested. The Department filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship.

The Department initially refused to offer Tate any services because she had completed them at least twice prior to the present case. The trial court, however, ordered the Department to provide Tate with services. The Department drew up a family service plan that required Tate to submit to a psychological evaluation, to complete counseling, to complete parenting classes, to seek and maintain suitable housing, to seek and maintain a job, and to complete a drug and alcohol assessment and follow through with any recommendations.

The Department's allegations were tried to a jury. Department caseworker Donna Massey testified that Tate failed to have a psychiatric evaluation, did not follow through on recommendations based on her drug and alcohol assessment, and did not start parenting classes until shortly before trial. When the Department began providing services, Massey gave Tate resources in Fort Worth. Tate complained that she did not have gas money to travel to Fort Worth, so Massey offered to drive her. This did not work, so Massey arranged to have services offered at Tate's home. Tate only completed the drug and alcohol assessment.

Massey testified that S.A.T. was suffering from insomnia. S.A.T. had fears about taking showers, going to the bathroom, open doors, and being left alone. In Massey's experience, these were often signs of severe emotional or possibly even sexual abuse. Massey further testified that she did not think that Tate's current housing was stable, as she was living with her boyfriend, a married man, who had kicked her out once in the past few months and who could tell her to leave at any time. She also said that Tate had not maintained steady employment. Tate was employed at the time of trial, but she found this job shortly before trial. Finally, Massey testified that Tate had called her recently and had admitted to taking drugs a few times in the preceding months.

At trial, Tate admitted to using methamphetamines twice in the previous three or four months. She also admitted that she had not completed the services that the Department required of her. Tate stated that she began her current job two and one-half weeks before trial and that, previously, she had been supported financially by her boyfriend.

M.F.T. testified and recounted that, when she lived with Tate, they often did not have a place to live or utilities. She did not think that her mother made good choices with men. M.F.T. testified that she had seen her mother take drugs once. M.F.T. also remembered that, when she was very young, her mother had set fire to the mobile home in which M.F.T. was sleeping. M.F.T. did not want to return to Tate.

2

## II.  *Issue*

Tate argues that the evidence was legally and factually insufficient to warrant termination of her parental rights.

## III.  *Standard of Review*

The natural right existing between a parent and a child is of "constitutional dimensions." *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976).  There is a strong presumption that it is in the child's best interest to remain with the natural parent.  *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006).  Grounds for termination must be established by clear and convincing evidence.  This requires a degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.  TEX. FAM. CODE ANN. § 101.007 (Vernon 2008).

In a legal sufficiency review, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.  *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).  In doing so, we must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible.  *Id.*

In a factual sufficiency review, we must give due consideration to evidence that the trier of fact could reasonably have found to be clear and convincing.  *Id.*  We must determine whether the evidence is such that the factfinder could reasonably have formed a firm belief or conviction regarding the allegations.  *Id.*  We must also consider whether the disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding.  *Id.*  To determine if the evidence is factually sufficient, we give due deference to the trial court's findings and determine whether, on the entire record, the trial court could reasonably form a firm conviction or belief that the parent committed an act that would support termination and that termination of the parent's parental rights would be in the child's best interest.  *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

## IV.  *Discussion*

To terminate parental rights, the Department must prove that one of the grounds enumerated in TEX. FAM. CODE ANN. § 161.001(1) (Vernon Supp. 2010) exists and that

termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The Department alleged four statutory grounds for termination of parental rights:

- that Tate knowingly placed or allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, Section 161.001(1)(D);

- that Tate engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being, Section 161.001(1)(E);

- that Tate failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, Section 161.001(1)(O); and

- that Tate used a controlled substance in a manner that endangered the health and safety of the children and either failed to complete a court-ordered substance abuse treatment program or, after completing such a program, continued to abuse a controlled substance, Section 161.001(1)(P).

The trial court combined all four statutory grounds and a best-interest determination into a single, broad-form question. The jury found that Tate's parental rights should be terminated.

Termination of parental rights appeals are governed by TEX. FAM. CODE ANN. § 263.405 (Vernon 2008). This statute requires that a statement of points on which a party intends to appeal be filed with the trial court not later than the fifteenth day after the trial court signs the final order. Section 263.405(b). The statement of points may be combined with a motion for new trial. Section 263.405(b-1). This statement limits the scope of the appeal. Section 263.405(i) provides that "[t]he appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial."

Tate filed a statement of points on appeal combined with her motion for new trial. Her statement of points on appeal, however, only challenged the legal and factual sufficiency of the evidence regarding the allegation that she used a controlled substance in a manner that endangered M.F.T. and S.A.T. Tate did not challenge the sufficiency of the evidence regarding the grounds for termination under subsections (D), (E), and (O) or the sufficiency of the evidence regarding the best-interest finding. Nor did Tate challenge the sufficiency of the evidence to support these findings in her brief. Tate blames the children's problems on their father and

4

makes conclusory statements about the proof of intentional conduct on her part, but she does not address the sufficiency of the evidence for each of the four alleged grounds of termination.

A jury's findings must be challenged on appeal or they are binding on the appellate court. *IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 445 (Tex. 1997). Because the jury's finding on three of the four grounds of termination and its best-interest finding are unchallenged and, therefore, binding and because only one statutory ground and a best-interest determination is required to support a termination order, the evidence is sufficient to support the termination of Tate's parental rights. *See In re A.V.*, 113 S.W.3d at 362. Tate's issue is overruled.

## V. *Conclusion*

The order of the trial court is affirmed.


RICK STRANGE

JUSTICE


December 2, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.