COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Ted Kaldis AKA Ted Lefteris Kaldis v. Crest Finance

Appellate case number:    01-14-00571-CV

Trial court case number:    2012-71189

Trial court:                281st Judicial District Court of Harris County

Appellant, Ted Kaldis, appeals from a final judgment rendered on May 22, 2014, by the trial court after a non-jury breach of contract trial. Appellee, Crest Finance, has filed a motion to dismiss the appeal for want of jurisdiction, contending that the appellant's July 3, 2014 notice of appeal was untimely filed 42 days after the final judgment was signed. We deny the appellee's motion to dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate, or, if findings of fact and conclusions of law are required by the Rules of Civil Procedure or could properly be considered by the appellate court, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a).

In this case, the trial court held a bench trial on May 12, 2014. Then the trial court signed a Final Judgment on May 22, 2014, finding that appellee was entitled to judgment against appellant. On June 10, 2014, appellant timely requested findings of fact and conclusions of law, which the trial court entered on June 16, 2014. *See* TEX. R. CIV. P. 296. This request for findings was proper under the Rules of Civil Procedure because it was made after a conventional bench trial with contested factual issues. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997).[1] Thus, Appellant's

---

[1] The appellant opposed the motion to dismiss and the appellee filed a reply contending that the appellant's request for additional findings of fact and conclusions of law did not properly extend the notice of appeal deadline because that further request was not

deadline to file a notice of appeal was extended for 90 days after the May 22, 2014 Final Judgment until August 20, 2014, making his July 3, 2014 notice of appeal timely.[2]

Accordingly, we deny the appellee's motion to dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 26.1(a)(4).

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
                    ☑ Acting individually     ☐ Acting for the Court

Date: August 5, 2014

---

required. To the extent that appellee contends that appellant's request for additional findings negated his initial extension, such contention is meritless because as long as the initial request was proper, as here, that properly extended his notice of appeal deadline.

2    Even though appellant did not file his notice of appeal within 30 days of the Final Judgment, he filed his notice 42 days after the Final Judgment, which was within the 15-day extension period. *See* TEX. R. APP. P. 26.3. The time to file a notice of appeal may be extended if, within 15 days after the deadline, a party properly files a notice of appeal and a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Thus, even absent appellant's request for findings of fact and conclusions of law, we would have implied a motion for extension of time and requested appellant to provide a reasonable explanation for filing his notice of appeal untimely. *See* *Verburgt*, 959 S.W.2d at 617–18.