**Khaled AWDE, Appellant,**

v.

**Khamis DABEIT, Appellee.**

No. 2–96–079–CV.

Court of Appeals of Texas, Fort Worth.

April 18, 1996.

Rehearing Overruled May 16, 1996.

Griffin & Owen, L.L.P., and Richard Lee Griffin of Fort Worth, for Appellant.

Michael S. Newman, of Fort Worth, for Appellee.

Before RICHARDS, BRIGHAM and HOLMAN, JJ.

## OPINION AND JUDGMENT ON DISMISSAL OF APPEAL

PER CURIAM.

On December 8, 1995, the trial court signed the final judgment in this case. The final judgment, which was entered after an evidentiary hearing, imposed rule 13 sanctions against appellant and dismissed for want of jurisdiction his appeal by writ of certiorari from justice court. Appellant filed a request for findings of fact and conclusions of law on December 27, 1995. Appellant filed a cash deposit in lieu of an appeal bond on February 28, 1996.

To perfect an appeal, security for costs on appeal must be filed within thirty days after the judgment is signed, or within ninety days after the judgment is signed if any party has timely filed (1) a motion for new trial or (2) a request for findings of fact or conclusions of law *in a case tried without a jury.* TEX. R.APP.P. 41(a)(1).

Filing a request for findings of fact and conclusions of law following a dismissal for want of jurisdiction and an award of sanctions does not extend the time to perfect the appeal to ninety days because this was not a case tried without a jury. *See Phillips v. Beavers,* 906 S.W.2d 254, 256 (Tex.App.— Fort Worth 1995, writ requested); *IKB Indus. (Nigeria), Ltd. v. Pro–Line Corp.,* 901 S.W.2d 568, 570 (Tex.App.—Dallas 1995, writ requested). Accordingly, appellant did not timely perfect his appeal.

Because the appeal was not timely perfected, this appeal should be dismissed for want of jurisdiction. *See* TEX.R.APP.P. 41(a)(1) & 60(a)(2). It is therefore ordered that this appeal be dismissed.

It is further ordered that appellant, Khaled Awde, pay all costs of this appeal, for which let execution issue.