## Khaled AWDE, Petitioner,

v.

## Khamis DABEIT, Respondent.

### No. 96–0595.

Supreme Court of Texas.

Jan. 31, 1997.

Richard Lee, Fort Worth, for petitioner.

Michael S. Newman, Fort Worth, for respondents.

PER CURIAM.

The sole question in this case is whether a request for findings of fact and conclusions of law following a dismissal for want of jurisdiction and the imposition of sanctions extends the time for perfecting appeal under Rule 41(a)(1) of the Texas Rules of Appellate Procedure. The court of appeals dismissed the appeal as untimely. 921 S.W.2d 489, 490.

Following this Court's ruling today in *IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440 (Tex.1997), we reverse the judgment of the court of appeals.

Landlord Khamis Dabeit sued tenant Khaled Awde in justice court for forcible detainer. Dabeit prevailed. Rather than seeking appeal to the county court at law as section 51.001 of the Civil Practice & Remedies Code prescribes, Awde filed a writ of certiorari in the county court. Dabeit moved to dismiss for lack of jurisdiction, pointing out that section 51.002(d) of the Civil Practice & Remedies Code prohibits filing a writ of certiorari in a forcible detainer case. Dabeit also requested attorney's fees as a sanction against Awde for filing a frivolous action. The county court held a hearing on the motion to dismiss and request for sanctions, at which the court heard sworn testimony from Dabeit's attorney regarding his fees in the case. On December 8, 1995, the county court dismissed the cause for lack of jurisdiction and imposed sanctions on Awde.

On December 27, 1995, Awde filed a request for findings of fact and conclusions of law with the county court. On February 28, 1996, Awde filed a $1000 cash deposit in lieu of an appeal bond. The court of appeals dismissed Awde's appeal for want of jurisdiction, holding that his request for findings and conclusions following a dismissal for want of jurisdiction and an award of sanctions did not extend the time to perfect appeal under Rule 41(a)(1) of the Texas Rules of Appellate Procedure.

This Court does not ordinarily have jurisdiction in cases in which a county court has original or appellate jurisdiction. TEX. GOV'T CODE § 22.225(b)(1). Since this case involves the construction of Rule 41(a)(1) of the Texas Rules of Appellate Procedure, however, this Court has jurisdiction under section 22.225(b)(1) of the Texas Government Code. *See Price v. Couch*, 462 S.W.2d 556, 558 (Tex.1970). In addition, this Court has jurisdiction to determine whether the court of appeals had jurisdiction. *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992). We may therefore decide whether the court of appeals properly dismissed for want of jurisdiction.

**In** *IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 443 (Tex. 1997), also decided today, we held that "[a] timely filed request for findings of fact and conclusions of law extends the time for perfecting appeal when findings and conclusions are required by Rule 296, or when they are not required by Rule 296 but are not without purpose—that is, they could properly be considered by the appellate court." In this case, the county court dismissed the case without jurisdiction based on the pleadings and arguments of counsel rather than on sworn testimony, so findings and conclusions as to the court's jurisdiction would not serve any purpose in the court of appeals. In addition to the dismissal for lack of jurisdiction, however, the county court's judgment required Awde to pay Dabeit's attorney's fees as a sanction. This sanction was based on the sworn testimony of Dabeit's counsel regarding the amount and reasonableness of his attorney's fees. Because the sanctions award was based on an evidentiary hearing and formed part of the judgment that Awde sought to appeal, we hold that Awde's request for findings of fact and conclusions of law extended the deadline for perfecting appeal. The court of appeals therefore erred in dismissing the appeal.

Accordingly, the Court grants Awde's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for a consideration of other issues raised. Tex.R.App.P. 170.

Justice BAKER dissents for reasons stated in his dissenting opinion issued this date in *IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440.