COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 BONNIE McCLAREN,
  
                             Appellant,
  
 v.
  
 HAVEN McCLAREN,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00019-CV
  
 Appeal from the
  
 County Court at Law No. 5
  
 of El Paso County, Texas 
  
 (TC# 2001-1127) 
  
 
 


O P I N I O N

 

Bonnie McClaren filed an application
for writ of garnishment after judgment against Haven McClaren and the Social
Security Administration as garnishee. 
Appellee then filed a motion to quash the application, claiming with
particularity that the statute upon which appellant relied in bringing her
application did not apply to him.

Judgment was entered in favor of
appellee on October 23, 2001 and filed of record on October 25.  The order was based on the trial court=s consideration of the pleadings,
stipulations of record, arguments of counsel, and the memorandums of law
provided by counsel.








On October 30, appellant filed a
request for findings of fact and conclusions of law.  A notice of past-due findings and conclusions
was filed on November 27.  Appellant then
filed notice of appeal on January 15, 2002. 
She noted that the deadline for filing such notice was January 21, pursuant
to Tex. R. App. P.
26.1(a)(4).  Subsequently, appellee filed
a motion to dismiss for want of jurisdiction claiming that appellant=s notice of appeal was untimely.

Generally, notice of appeal must be
filed within thirty days after a judgment is signed.  Tex.
R. App. P. 26.1.  However, the
notice of appeal is not due until ninety days after the judgment is signed if a
party timely files a request for findings and conclusions and such findings and
conclusions either are required by the Rules of Civil Procedure or could
properly be considered by the appellate court. 
Tex. R. App. P.
26.1(a)(4).

The Supreme Court stated in IKB
Industries (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440 (Tex. 1997):

A timely
filed request for findings of fact and conclusions of law extends the time for
perfecting appeal when findings and conclusions are required by Rule 296, or
when they are not required by Rule 296 but are not without purpose--that is,
they could properly be considered by the appellate court.

 








Id.
at 443.  The Court included, as an
example of the latter, any judgment based in any part on an evidentiary
hearing.  Then, in Awde v. Dabeit,
938 S.W.2d 31 (Tex. 1997), decided the same day as IKB, the Court held
that where a court dismissed a case as without jurisdiction based on pleadings
and arguments of counsel rather than on sworn testimony, findings and
conclusions as to the court=s jurisdiction Awould not serve any purpose in the
court of appeals.@  Id. at
33.  But see id. (holding
ultimately that the request for findings of fact and conclusions of law did
extend the appellate timetable in that case because the court=s judgment regarding the award of
attorney=s fees had been based on sworn
testimony).

In the present case, the trial court
granted the motion to quash and denied the application for writ of garnishment
based on its Aconsider[ation] [of] the pleadings,
stipulations of record, arguments of counsel, and the memorandums of law
provided by respective counsel.@  There was no
evidentiary hearing, as there were no facts in controversy.  At the hearing on the motions, the parties
stipulated that appellee was not a federal employee, and at no point was the
issue in contention.  Appellant did not
contend in her application that appellee had been a federal employee.  In appellee=s motion to quash, he denied that he
had been.  Rather, the main issue between
the parties was whether appellee=s Social Security earnings were
subject to garnishment under 42 U.S.C. ' 659(a) because he was not a federal
employee.

The trial court=s decision was based solely on its
construction of the law.  Therefore,
findings and conclusions would not be considered on appeal.

Conclusion

Appellant=s request for findings of fact and
conclusions of law did not extend the appellate timetable.  Notice of appeal was due November 22.  Because notice was not 








made until January of the following year, it was
untimely.  Accordingly, we grant appellee=s motion to dismiss the appeal, and
dismiss the appeal for want of jurisdiction. 
See Tex. R. App. P.
25.1(b).

 

            SUSAN LARSEN, Justice

June 20, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)