

NUMBER 13-16-00382-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAMAR BURKS,                                                      Appellant,

v.

ROSEMARY LEHMBERG,
HOLLY E. TAYLOR, AND GREGG COX,
IN THEIR INDIVIDUAL CAPACITIES,                        Appellees.

**On appeal from the County Court at Law No. 2
of Travis County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion Per Curiam**

Lamar Burks, an indigent prison inmate proceeding pro se, filed suit against Travis County District Attorney Rosemary Lehmberg, and Travis County Assistant District Attorneys Holly E. Taylor and Gregg Cox, acting in their individual capacities, under the Texas Tort Claims Act.  These defendants filed a motion to dismiss the lawsuit under

Chapter 14 of the Texas Civil Practice and Remedies Code and further filed a plea to the jurisdiction based on prosecutorial, official, and sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West, Westlaw through 2015 R.S.) (allowing a court to dismiss an action filed by an indigent inmate if the inmate's allegation of poverty is false, the inmate's claim is frivolous or malicious, or the inmate has filed an affidavit or declaration that the inmate knew was false). On April 13, 2016, after a non-evidentiary hearing, the trial court granted the defendants' motion to dismiss and their plea to the jurisdiction and dismissed the case. On April 29, 2016, appellant filed a request for findings of fact and conclusions of law. On June 27, 2016, appellant filed a notice of appeal.[1] Appellees Lehmberg, Cox, and Taylor have now filed an amended motion to dismiss this appeal on grounds that appellant failed to timely perfect the appeal. Appellant has filed a response to that motion. We dismiss the appeal for lack of jurisdiction.

Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The notice of appeal must be filed within thirty days after the judgment or other appealable order is signed when the appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law. *See* TEX. R. APP. P. 26.1. When the appellant has timely filed such a motion or request, the notice of appeal must be filed within ninety days after the judgment or other appealable order is signed. *See id.* A

---

[1] This appeal has been transferred to this Court from the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See id.* 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to rule 26.1).

In this case, appellant's notice of appeal was not filed within thirty days after the case was dismissed. However, appellant contends that his request for findings of facts and conclusions of law extended his deadline to file the notice of appeal. Texas Rule of Civil Procedure 296 provides that: "In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296. Further, Rule 297 states that: "The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed." *Id.* at R. 297.

A timely request for findings of fact and conclusions of law extends the time to perfect the appeal when (1) the findings and conclusions are required by Texas Rule of Civil Procedure 296, or (2) the trial court conducts an evidentiary hearing and the findings and conclusions can be properly considered by the appellate court. *See* TEX. R. APP. P. 26.1(a)(4); *IKB Indus. v. Pro–Line*, 938 S.W.2d 440, 443 (Tex. 1997); *Awde v. Dabeit*, 938 S.W.2d 31, 33 (Tex. 1997). The request does not extend the time to file the notice of appeal when findings are not appropriate. *See IKB Indus.*, 938 S.W.2d at 443.

Texas courts have held that Texas Rules of Civil Procedure 296 and 297 do not apply when a court dismisses a case under Chapter 14 of the Texas Civil Practice and

3

Remedies Code without holding an evidentiary hearing. *See Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Zimmerman v. Robinson*, 862 S.W.2d 162, 163 (Tex. App.—Amarillo 1993, no writ); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ)); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ); *see also Davis v. Guerra*, No. 10-13-00014-CV, 2013 WL 5603825, at *3 (Tex. App.—Waco Oct. 10, 2013, no pet.) (mem. op.). The reasons for not applying Rules 296 and 297 when a case is dismissed pursuant to Chapter 14 are that: (1) the case was dismissed due to deficiencies in the pleadings; and (2) the trial court has not conducted a trial on the merits of the inmate's suit. *See Timmons*, 840 S.W.2d at 586; *see also Davis v. Guerra*, 2013 WL 5603825, at *3

In the instant case, the trial court conducted a hearing on the defendants' motion to dismiss under Chapter 14 and the defendants' plea to the jurisdiction. The hearing was not evidentiary and did not constitute a trial on the merits. The defendants' motion to dismiss and plea to the jurisdiction were determined based on the legal grounds contained in the pleadings and on the arguments of the parties. Because appellant's suit was summarily dismissed as frivolous under Chapter 14 and for lack of jurisdiction, the trial court was under no duty to file findings of fact and conclusions of law in this case. *See IKB Indus.*, 938 S.W.2d at 443 (noting that a party is not entitled to findings of fact and conclusions of law when the court renders judgment as matter of law, such as in a dismissal for want of jurisdiction without an evidentiary hearing); *Awde*, 938 S.W.2d at 33 (noting that findings of fact and conclusions of law would serve no purpose when the court

4

dismissed the case without jurisdiction based on the pleadings rather than sworn testimony); *see also Retzlaff*, 94 S.W.3d at 655; *Kendrick*, 804 S.W.2d at 156; *Davis*, 2013 WL 5603825, at *3; *Franks v. Zwicke*, No. 04-12-00529-CV, 2013 WL 1642722, at *5 (Tex. App.—San Antonio Apr. 17, 2013, no pet.) (mem. op.).   Because findings of fact and conclusions of law were not required by Texas Rule of Civil Procedure 296 and the trial court did not conduct an evidentiary hearing, appellant's request for findings of fact and conclusions of law did not extend the time to perfect the appeal.   *See* TEX. R. APP. P. 26.1(a)(4); *IKB Indus.*, 938 S.W.2d at 443; *Awde*, 938 S.W.2d at 33.   Accordingly, appellant's notice of appeal was due by May 13, 2016, but was not filed until June 27, 2016.

The Court, having examined and fully considered the amended motion to dismiss this appeal, appellant's response, and the applicable law, is of the opinion that we lack jurisdiction over the appeal and the motion to dismiss should be granted.   We GRANT the motion to dismiss and we DISMISS this appeal for want of jurisdiction.   *See* TEX. R. APP. P. 42.3(a).   All other pending motions are likewise DISMISSED.

PER CURIAM

Delivered and filed the
3rd day of November, 2016.

5