**Motion Granted; Appeal Dismissed and Memorandum Opinion filed March 5, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00001-CV

---

## RICHARD ALAN HAASE, Appellant

## V.

## RANDY SORRELS, GORDON WAGGETT, AND PATTON, TIDWELL, SCHROEDER & CULBERTSON, LLP, Appellees

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-17970**

---

## MEMORANDUM OPINION

This is an attempted appeal from a judgment signed October 4, 2019. Appellant Richard Alan Haase's notice of appeal was filed December 31, 2019.

Appellee Gordon Waggett filed a motion to dismiss because the notice was untimely filed. The remaining appellees, Randy Sorrels and Patton, Tidwell, Schroeder & Culbertson, joined in Waggett's motion to dismiss. Appellant

responded claiming the time to file his notice of appeal was extended by his timely request for findings of fact and conclusions of law.

The trial court dismissed appellant's claims against Patton, Tidwell, Schroeder & Culbertson for lack of ripeness on March 22, 2019. Findings of fact and conclusions of law are not appropriate when a trial court dismisses claims for lack of subject-matter jurisdiction. *See IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *Awde v. Dabeit*, 938 S.W.2d 31, 33 (Tex. 1997).

The trial court granted Waggett's motion for summary judgment in its entirety and dismissed with prejudice all of appellant's claims against Waggett on July 26, 2019. Findings of fact and conclusions of law are inappropriate following a summary judgment. *Id.* at 441-42.

Appellant's claims against Sorrels were tried to a jury. After appellant's case-in-chief, the trial court granted Sorrels a directed verdict. Findings of fact and conclusions of law are not appropriate following a directed verdict. *Id.* at 443. On October 4, 2019, the trial court signed a final judgment. *See Lehmann v. Har Con Corp.,* 39 S.W.3d 191, 206 (Tex. 2001).

A request for findings of fact and conclusions of law will extend the time for perfecting an appeal if they are required by the rules of civil procedure or properly may be considered by the appellate court. *See* Tex. R. App. P. 26.1(4). Otherwise, such a request is not appropriate and does not extend appellate deadlines. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam).

Because findings of fact and conclusions of law were not appropriate, and no other post-judgment motion that would extend the appellate timetable was filed, appellant's notice of appeal was due within 30 days, on November 4, 2019. *See* Tex. R. App. P. 26.1. It was not filed until December 31, 2019, a date that is not

within the 15-day period provided by Texas Rule of Appellate Procedure 26.3. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26 and holding a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time).

Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Hassan.