**Opinion issued May 22, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00307-CV

————————————

## PAUL EDWARD CARPENTER, Appellant

## V.

## POUYA ALIJANIPOUR, M.D. AND PATRICK TANSEY, M.D., Appellees

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 23-CV-1345**

---

## MEMORANDUM OPINION

This appeal arises from the dismissal of a lawsuit under section 101.106(f) of

the Texas Tort Claims Act (TTCA).[1]    Paul Edward Carpenter sued Pouya

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f).

Alijanipour, M.D. and Patrick Tansey, M.D. for medical negligence.[2] Drs. Alijanipour and Tansey moved to dismiss Carpenter's claims under this statute. The trial court granted the motion and dismissed Carpenter's claims with prejudice. He now challenges that ruling pro se.[3] Carpenter asserts on appeal that the trial court erred in dismissing his claims and in failing or refusing to file findings of fact and conclusions of law.

We affirm.

## Background

Carpenter, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), was admitted to the University of Texas Medical Branch at Galveston John Sealy Hospital (UTMB) for back surgery. Drs. Alijanipour and Tansey performed the procedure. According to Carpenter, a nurse administered two "cortisone shots" to his back during a follow-up visit. Afterwards, he "lost complete breath" and had "blurry vision," "severe chest/heart pains," and a heart attack. He asserts that he now suffers from heart and kidney failure.

Carpenter sued Drs. Alijanipour and Tansey. He alleged that they breached the standard of care by failing to dose the medication correctly, to supervise the

---

[2]    Kayla Nini and Lanette Linthicum are named defendants below but are not parties to this appeal.

[3]    *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843–46 (Tex. 2007) (section 51.014(a)(8) includes appeal by person sued in official capacity).

2

nurse's administration of the medication, and to "ascertain the harm done upon administering Cortisone shots/injections." And the physicians "failed to use reasonable skill, care, and diligence to correctly diagnose the injuries to [his] back, spine, and nerves after completion of the spine L5-S1 back operation." He further alleged that such breaches of the standard of care caused him to suffer heart and kidney failure, for which he sought various damages.

Drs. Alijanipour and Tansey moved to dismiss Carpenter's claims under section 101.106(f) of the TTCA. They argued that the statutory criteria was satisfied because (1) they are employees of UTMB, which is a governmental unit, (2) Carpenter alleges a health-care-liability claim based on conduct that was within the general scope of their duties as physicians at UTMB, and (3) his claims could have been brought against UTMB. They also attached affidavits and documentation of their employment at UTMB.

After conducting a hearing, the trial court granted Dr. Alijanipour's and Dr. Tansey's motion to dismiss Carpenter's claims against them.

## Dismissal

Carpenter maintains that the trial court erred in dismissing his claims because it "wholly failed to analyze the[] dismissal order and apply the governing law." We disagree.

*Standard of Review and Applicable Law*

Our legislature enacted the TTCA to provide a limited waiver of immunity for certain suits against governmental entities and to cap recoverable damages. *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Subsequently, plaintiffs sought to avoid the TTCA's parameters and caps by suing governmental employees instead. *Id.* at 656. To prevent such circumvention, the legislature enacted an "election-of-remedies" provision—section 101.106. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE § 101.106. It requires a plaintiff to make an "irrevocable election" at the outset of his suit as to whether to sue the governmental unit or a governmental employee in his individual capacity. *Garcia*, 253 S.W.3d at 657.[4] The legislature mandates this determination to reduce the resources expended by governmental units and employees in defending against redundant litigation and alternative theories. *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017).

Section 101.106(f) provides for the expedient dismissal of a suit brought against a governmental employee for work-related tortious conduct that should have been brought against the governmental unit. *Garza v. Harrison*, 574 S.W.3d 389, 393–94, 399 (Tex. 2019) ("By adopting section 101.106(f), the Legislature has

---

[4] That is, a plaintiff must decide whether the employee acted independently—such that he is solely liable—or acted within the general scope of his or her employment—such that the governmental unit is vicariously liable. *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

4

effectively mandated that only a governmental unit can be sued for a governmental employee's work-related tortious conduct."). The statute states:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f).

Thus, section 101.106(f) "requires courts to grant a motion to dismiss a lawsuit against a governmental employee sued in an 'official capacity' but allows the governmental unit to be substituted for the employee." *Garza*, 574 S.W.3d at 393. And a governmental employee is "sued in an official capacity when the suit (1) is 'based on conduct within the general scope of that employee's employment' and (2) could have been brought under [the TTCA] against the governmental unit." *Id.* at 394.

We review a trial court's order on a motion to dismiss filed by a governmental employee under section 101.106(f) de novo. *Garza*, 574 S.W.3d at 400 & n.43.[5]

---

[5] *See City of Webster v. Myers*, 360 S.W.3d 51, 56 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *see also Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (motion to dismiss filed by governmental employee pursuant to section 101.106(f) raises issue of governmental immunity and

*Discussion*

Drs. Alijanipour and Tansey initially argue that Carpenter waived this issue by failing to brief it in compliance with Texas Rule of Appellate Procedure 38.1.

Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).[6] The Rules of Appellate Procedure require that an appellant's brief contain clear and concise argument for the contentions presented, with appropriate citations to authority and the record. *See* TEX. R. APP. P. 38.1(i). This requirement is not satisfied "by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A failure to cite legal authority or provide substantive analysis of an issue waives the complaint. *Izen v. Comm'n For Lawyer Discipline*, 322 S.W.3d 308, 321–22 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

Here, Carpenter does not provide any substantive analysis or cite to any legal authority to support this complaint on appeal. He thus wholly failed to comply with Rule 38.1.

---

constitutes challenge to trial court's subject-matter jurisdiction, which is reviewed de novo).

[6] *See, e.g.*, *Stewart v. Tex. Dep't of Crim. Justice-Inst. Div.*, No. 14-01-00848-CV, 2002 WL 31008315, at *2 (Tex. App.—Houston [14th Dist.] Sept. 5, 2002, no pet.) (requiring pro se inmate to comply with all applicable procedural rules).

Nevertheless, even absent this briefing waiver, Carpenter's complaint about the trial court's dismissal under section 101.106(f) still fails.

In that regard, it is undisputed that Drs. Alijanipour and Tansey were employed by UTMB at the time of the conduct at issue. Indeed, Carpenter expressly states in his petition that Drs. Alijanipour and Tansey were "employees of the . . . hospital." And UTMB is plainly a governmental unit of the State of Texas. *See* TEX. CIV. PRAC. & REM. CODE § 101.001(3) (defining "governmental unit"); *Noah v. Univ. of Tex. Med. Branch at Galveston*, 176 S.W.3d 350, 355 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (UTMB is "a state governmental unit").

It is also undisputed that the conduct at issue—providing post-surgery medical care—was within the general scope of the physicians' employment with UTMB. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f). Carpenter further expressly states in his petition that Drs. Alijanipour and Tansey were "at all times relevant to this action . . . acting within the course and scope of their employment with TDCJ and [UTMB]." *See Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) (assertion of fact in live pleading regarded as judicial admission and was conclusively established).[7]

---

[7]    *See also Barnum v. Ngakoue*, No. 03-09-00086-CV, 2011 WL 1642179, at \*6 (Tex. App.—Austin Apr. 29, 2011), *aff'd*, 408 S.W.3d 350 (Tex. 2013) (appellant judicially admitted in petition that defendant was acting within course and scope of his employment under section 101.106(f)); *see also* TEX. CIV. PRAC. & REM. CODE § 101.001(5) (defining "scope of employment").

Additionally, Carpenter does not dispute that his health care liability claim could have been brought under the TTCA against UTMB. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f); *Franka v. Velasquez*, 332 S.W.3d 367, 369, 375–85 (Tex. 2011) (holding that, for section 101.106(f), "any tort claim" against the government "could have been brought" under the TTCA "regardless of whether the [TTCA] waives immunity from suit").

Accordingly, Drs. Alijanipour's and Tansey's motion to dismiss meets all of the criteria for dismissal under section 101.106(f). *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f). And Carpenter failed to file an amended petition dismissing Drs. Alijanipour and Tansey within the 30-day deadline mandated by the statute. *See id.* Thus, we hold that the trial court did not err in granting the physicians' motion to dismiss the claims against them. *See id.*; *Garza*, 574 S.W.3d at 400 (section 101.106(f), when satisfied, "mandates dismissal").

## Findings of Fact and Conclusions of Law

Carpenter also asserts that the trial court erred in failing to file findings of fact and conclusions of law.

Texas Rule of Civil Procedure 296 provides: "In any case *tried* in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." *See* TEX. R. CIV. P. 296 (emphasis added).

After proper and timely request, the trial court is required to issue findings of fact and conclusions of law within twenty days. *See* TEX. R. CIV. P. 297.

But Rule 297 does not impose a duty to file findings and conclusions where there has been no trial. *Kaminetzky v. Park Nat. Bank of Hous.*, No. 01-03-01079-CV, 2005 WL 267665, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2005, no pet.) (mem. op.). Further, a trial court has no duty to issue findings and conclusions "in a proceeding in which there are no factual disputes to resolve and the legal conclusions have already been stated in the motions." *In re Guardianship of Archer*, 203 S.W.3d 16, 20 (Tex. App.—San Antonio 2006, pet. denied).[8]

Here, the trial court dismissed Carpenter's case without a trial and without an *evidentiary* hearing. The trial court's order reflects that it based its decision on "pleadings, motions, and arguments." And, as discussed above, there were no factual disputes to resolve and the trial court granted the physicians' motion to dismiss based on legal grounds presented by the pleadings. *See Franks v. Zwicke*, No. 04-12-00529-CV, 2013 WL 1642722, at *5 (Tex. App.—San Antonio Apr. 17, 2013, no pet.) (mem. op.).

Consequently, the trial court was not required to issue findings of fact or conclusions of law. Therefore, we hold that it did not err in denying Carpenter's

---

[8] *See IKB Indus.* v. *Pro–Line*, 938 S.W.2d 440, 443 (Tex. 1997) (trial court need not issue findings and conclusions when rendering judgment as matter of law, such as after dismissal for want of jurisdiction without evidentiary hearing).

request. *See Awde v. Dabeit*, 938 S.W.2d 31, 33 (Tex. 1997) ("findings and conclusions as to the court's jurisdiction would not serve any purpose in the court of appeals" because dismissal was based on pleadings and arguments of counsel and not on sworn testimony).[9]

## Conclusion

Based on all of the foregoing, we affirm the trial court's judgment.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[9] *See also Williams v. Valdez*, No. 05-18-00213-CV, 2020 WL 2897181, at \*4 (Tex. App.—Dallas June 3, 2020, no pet.) (mem. op.) (trial court not required to file findings of fact and conclusions of law after dismissal under section 101.106(f)).