

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00063-CV

---

Mary Baxter and Neil Chavigny, Appellants

v.

Presidio County, Texas, Appellee

---

On Appeal from the 394th District Court
Presidio County, Texas
Trial Court No. 8199

---

## MEMORANDUM OPINION

Appellants, Mary Baxter and Neil Chavigny, seek to appeal from the trial court's final judgment rendered on November 9, 2024. Appellee, Presidio County, filed a motion to dismiss the

appeal for lack of jurisdiction, contending that Appellants' notice of appeal was not timely filed.[1] We summarily grant the motion and dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Maria del Pilar Maurial, Pinto Canyon Ranch, LLC, and Fort Ranches LP filed a lawsuit against Appellants, seeking, among other things, a declaration that Naegele Springs Road is a County Road.[2] Appellants, in turn, filed a Third-Party Plaintiffs' Third-Party Original Petition, joining Presidio County as a party to the case.

On December 12, 2023, Presidio County filed a motion for summary judgment. In its motion, Presidio County requested a declaration that the road was a public road and an award of attorney's fees against Appellants.[3]

The trial court granted Presidio County's motion for summary judgment on January 3, 2024, without holding a hearing and without addressing the county's request for attorney's fees.

On August 12, 2024, Presidio County filed a Motion for Summary Judgment on Attorney's Fees and Costs. The county attached an affidavit of its counsel, to which counsel attached copies of billing invoices, as evidence regarding the reasonable and necessary amount of its attorney's fees and costs.

---

[1] Although we originally granted Presidio County's motion to dismiss in our March 25, 2025 opinion, thereby disposing of the motion, we withdrew our prior opinion in our July 28, 2025 order granting Appellants' motion for rehearing, which had the effect of withdrawing our ruling on the motion. As a result, our July 28, 2025 order had the effect of reinstating both the appeal and all motions pending at the time we issued our March 25, 2025 opinion, including Presidio County's motion to dismiss.

[2] In their Fourth Amended Petition, the plaintiffs sought a declaration that "all of Ayres Road is a County Road." Beginning in their Fifth Amended Petition and in all subsequent petitions, however, the plaintiffs sought a declaration that "all of Naegele Springs Road is a County Road."

[3] Presidio County incorporated two prior filings, the Plaintiffs' Second Traditional Motion for Partial Summary Judgment and its Response to the Plaintiffs' Motion for Summary Judgment, in its summary judgment motion, relying on the evidence presented with and attached to the motion and the response as its summary judgment evidence.

Appellants filed a response on October 11, 2024. In their response, Appellants argued that the trial court should exercise its discretion to deny the request for attorney's fees, that the trial court should determine that an award of attorney's fees would not be equitable or just, and that an award of attorney's fees to the county would provide the county with a "windfall." Appellants did not file a controverting affidavit by an attorney challenging the amount of fees sought by the county.

The trial court held a hearing on Presidio County's motion for summary judgment on attorney's fees on October 17, 2024. At the hearing, Appellants again argued that awarding attorney's fees to the county would not be equitable or just. Neither party called any witnesses nor presented any evidence at the hearing. At the conclusion of the hearing, the trial court stated that the court was "going to award [Presidio County] $30,157.50 in attorney's fees and $3,581.65 in cost" and was "severing the County from this case."

On November 9, 2024, the trial court signed an order severing all claims involving Presidio County from the remainder of the case. The court also issued its final judgment in the case involving Presidio County, in which it granted the county's request for attorney's fees and costs.

On November 27, 2024, Appellants filed a request for findings of fact and conclusions of law. Appellants subsequently filed a notice of past due findings of fact and conclusions of law on December 20, 2024.

Finally, Appellants filed a notice of appeal on February 7, 2025.[4]

---

[4] The original file stamp on Appellants' notice of appeal indicates that the notice was filed on February 10, 2025. The notice of appeal in the clerk's record has the original file stamped date crossed through; the date February 7, 2025, handwritten as the file date; a handwritten notation indicating that the notice was accepted by the clerk's office on February 10, 2025; and initials ostensibly written by a deputy clerk. Because Appellants' notice of appeal was not timely filed regardless of whether it was filed on February 7 or February 10, we will assume, for purposes of this appeal and without deciding, that the notice was filed on February 7, 2025.

## II. PROCEEDINGS IN THIS COURT

After receiving Appellants' notice of appeal, the Clerk of this Court issued a notice informing Appellants that the notice of appeal was not timely filed and that the Court intended to dismiss the appeal unless any party showed grounds for continuing the appeal. In response, Appellants filed letters to the Court on February 28, 2025, and on March 6, 2025, and a motion for extension of time to file their notice of appeal on March 17, 2025, arguing in each that the February 10, 2025 file stamp was a clerical error and that they timely filed their notice of appeal on February 7, 2025.

On March 10, 2025, Presidio County filed a motion seeking dismissal of this appeal for lack of jurisdiction, arguing that Appellants' request for findings of fact and conclusions of law did not extend the deadline for filing their notice of appeal because such a request does not extend the deadline to appeal in a matter that is determined by summary judgment.

On March 25, 2025, we dismissed this appeal for want of jurisdiction. In our opinion, we concluded that the findings of fact and conclusions of law requested by Appellants did not extend the deadline for filing their notice of appeal, meaning that their notice of appeal was not timely filed.

On April 10, 2025, Appellants filed a motion for rehearing, arguing that (1) their request for findings of fact and conclusions of law was proper and extended the deadline for filing their notice of appeal, because the trial court could have considered evidence at the final hearing in the case; (2) there was evidence for the trial court to consider; and (3) the trial court "must have" considered evidence in ruling on the county's motion for summary judgment on attorney's fees. Appellants therefore sought reinstatement of this appeal.

On July 28, 2025, we found good cause for reinstating this appeal, because the appellate record—which was necessary to properly evaluate Appellants' argument that their request for findings of fact and conclusions of law had extended the deadline for filing the notice of appeal—had not yet been filed. We therefore granted Appellants' motion for rehearing, reinstated the case, and set deadlines for the filing of the clerk's record and the reporter's record.

Finally, the reporter's record was filed on August 25, 2025, and the clerk's record was filed on September 15, 2025.

## III. APPLICABLE LAW

Generally, a party seeking to appeal a trial court's judgment must file a notice of appeal within 30 days after the judgment is signed. Tex. R. App. P. 26.1. The deadline extends to 90 days after the judgment is signed, however, "if any party timely files . . . a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." Tex. R. App. P. 26.1(a)(4). We may also extend the deadline for filing a notice of appeal in a civil case by up to an additional 15 days if a party, acting in good faith, files a notice of appeal within 15 days of the deadline and provides a reasonable explanation for failing to file the notice of appeal by the deadline.[5] Tex. R. App. P. 26.3; *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

"A request for findings of fact and conclusions of law does not extend the time for perfecting an appeal of a judgment rendered as a matter of law, where findings and conclusions

---

[5] Under Texas Rule of Appellate Procedure 26.3, the appellate court may only extend the time to file a notice of appeal if a party files a motion for extension of time to file a notice of appeal in the appellate court within 15 days after the deadline for filing the notice of appeal. Tex. R. App. P. 26.3(b). Nevertheless, in civil proceedings, "a motion for extension of time is necessarily implied when an appellant acting in good faith files" a notice of appeal after the deadline but within the 15-day extension period. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). But the party must still provide a reasonable explanation for the party's failure to timely file a notice of appeal. Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(a); *see Verburgt*, 959 S.W.2d at 617; *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003).

5

can have no purpose and should not be requested, made, or considered on appeal." *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). Therefore, "[b]ecause findings of fact and conclusions of law have no place in a summary judgment proceeding, the" deadline for filing a notice of appeal is not extended by the filing of a request for findings and conclusions in summary judgment proceedings. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam); *see IKB Indus.*, 938 S.W.2d at 441–42; *Wilson v. Jordan Mem'l Church of God*, No. 01-03-00844-CV, 2004 WL 253503, at *1 (Tex. App.—Houston [1st Dist.] Feb. 12, 2004, no pet.) (mem. op.).

Finally, a court may award costs and reasonable and necessary attorney's fees that are equitable and just to a party under the Uniform Declaratory Judgments Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.009. Under the act, the determination as to whether the attorney's fees are reasonable and necessary are matters of fact, and the determination whether the fees are equitable and just are matters of law. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Nevertheless, a trial court may grant summary judgment on the issue of attorney's fees if the movant provides uncontradicted summary judgment evidence regarding the movant's attorney's fees. *See Bethel v. Butler Drilling Co.*, 635 S.W.2d 834, 840, 841 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Roth v. JPMorgan Chase Bank, N.A.*, 439 S.W.3d 508, 514 (Tex. App.—El Paso 2014, no pet.); *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373–74 (Tex. App.—San Antonio 1999, pet. denied); *Cap Rock Elec. Coop., Inc. v. Texas Util. Elec. Co.*, 874 S.W.2d 92, 101–02 (Tex. App.—El Paso 1994, no writ).

## IV. DISCUSSION

The trial court rendered judgment in this case based on Presidio County's traditional motion for summary judgment and Presidio County's motion for summary judgment on attorney's fees.

6

We therefore held, in our original opinion in this appeal, that Appellants' request for findings of fact and conclusions of law did not extend their deadline for filing a notice of appeal and that Appellants' notice of appeal was not timely, and we dismissed the appeal for want of jurisdiction. *See Baxter v. Presidio Cnty.*, No. 08-25-00063-CV, 2025 WL 909230 (Tex. App.—El Paso March 25, 2025, withdrawn) (mem. op.).

Nevertheless, Appellants filed a motion for rehearing, arguing that we should apply a two-step inquiry established by the Texas Supreme Court in *Phillips v. McNeill*, 635 S.W.3d 620, 625 (Tex. 2021), to determine whether their request for findings of fact and conclusions of law extended the deadline for filing a notice of appeal in this case. Specifically, Appellants contend that because (1) the trial court must have considered evidence when it ruled on Presidio County's traditional motion for summary judgment, and (2) the trial court "granted an award of attorney's fees as a sanction in" its order granting Presidio County's motion for summary judgment on attorney's fees, their requests for findings and conclusions should have extended the deadline under the test announced in *Phillips*. We disagree.

In *Phillips*, the Texas Supreme Court adopted a "two-step inquiry for determining when requests for findings and conclusions that are not required by the rules will trigger the extended ninety-day filing deadline. First, was the non-jury proceeding a type in which the trial court could consider evidence? Second, if so, was there evidence before the court?" *Phillips*, 635 S.W.3d at 625 (internal citations omitted). When applying the test, "[t]he first question is categorial, not case-specific," but the second question is case-specific. *Id*. Only when the answer to both questions is yes will a request for findings of fact and conclusions of law extend the deadline for filing a notice of appeal. *See id*. at 625–26.

Here, Appellants requested findings of fact and conclusions of law in connection with a summary judgment proceeding. A trial court may only grant a motion for summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c); *see IKB Indus.*, 938 S.W.2d at 441 (stating that "for summary judgment to be rendered, there cannot be a genuine issue as to any material fact, and the legal grounds are limited to those stated in the motion and response" (cleaned up)). As a result, a trial court may not receive oral testimony or other evidence at a hearing on a motion for summary judgment. Tex. R. Civ. P. 166a(c); *see Cuellar v. City of San Antonio*, 821 S.W.2d 250, 252 (Tex. App.—San Antonio 1991, writ denied) ("[T]he trial court may not receive extrinsic evidence, either oral or documentary, at the hearing on the motion for summary judgment."). "In other words, summary judgment is only proper when there are no facts to find and the legal conclusions have already been stated in the motion and response." *Balmorhea Ranches, Inc. v. Heymann*, 656 S.W.3d 441, 447 (Tex. App.—El Paso 2022, no pet.); *see IKB Indus.*, 938 S.W.2d at 441. A summary judgment hearing is therefore not "a non-jury proceeding . . . in which the trial court could consider evidence" under *Phillips*.[6] *See Phillips*, 635 S.W.3d at 625 (stating that a non-jury proceeding is the type in which a trial court could consider evidence for any "judgment that could be based in any part *on an evidentiary hearing*" (emphasis added)); *State v. Easley*, 404 S.W.2d 296, 297

---

[6] In their motion for rehearing, Appellants argue that "it is clear that evidence not only could have, but must have been, [sic] considered in deciding" Presidio County's traditional motion for summary judgment. Under this reasoning, *every* non-jury proceeding would be one in which the trial court could consider evidence, because every trial court judgment must be based on something—whether uncontradicted affidavits, stipulated facts, the documents in the record, or some other document, record or piece of evidence. As a result, under Appellants' argument, a request for findings of fact and conclusions of law would *always* extend the appellate deadlines. But if the Texas Supreme Court had intended for a request for findings and conclusions to always extend the deadlines, they could easily have said so without creating a two-step inquiry for making that determination, and the fact that they created such a test indicates that the filing of a request does *not* always extend the deadlines. Thus, we conclude that a non-jury proceeding, such as a summary judgment proceeding, in which the trial court is not called upon, or even able, to resolve factual disputes or to consider the credibility of witnesses or evidence is not a proceeding "in which the trial court could consider evidence." *Phillips v. McNeill*, 635 S.W.3d 620, 625 (Tex. 2021).

(Tex. 1966) (holding that neither hearing extrinsic evidence nor filing findings of fact and conclusions of law "has any place in a summary judgment proceeding").

Further, the purpose of the two-step inquiry outlined in *Phillips* is to help a reviewing court determine whether any findings of fact and conclusions of law by the trial court could properly be considered on appeal. *See Phillips*, 635 S.W.3d at 626. But the Texas Supreme Court has explicitly stated that "findings of fact and conclusions of law have no place in a summary judgment proceeding," *Linwood*, 885 S.W.2d at 103; "a request for findings and conclusions following summary judgment . . . should be ignored by the trial court," *IKB Indus.*, 938 S.W.2d at 441–42; and summary judgment is an example of "a judgment rendered as a matter of law, where findings and conclusions can have no purpose and should not be requested, made, or considered on appeal[,]" *id*. at 443. We find nothing in *Phillips* that would indicate an intent to overrule these previous holdings. *See Phillips*, 635 S.W.3d at 624–27. In fact, the court's opinion in *Phillips* relied on *IKB Industries* as support for the first inquiry, related to whether "the non-jury proceeding [was] a type in which the trial court could consider evidence[,]" and specifically cited the portion of *IKB Industries* in which the court stated that summary judgment was an example of the types of judgments for which findings and conclusions could not be considered on appeal and for which a request for findings and conclusions does not extend the deadline for filing a notice of appeal. *See Phillips*, 635 S.W.3d at 625 (citing *IKB Indus.*, 938 S.W.2d at 443).

Finally, to the extent Appellants rely on *Awde v. Dabeit*, 938 S.W.2d 31 (Tex. 1997) (per curiam), as support for their argument that their request for findings of fact and conclusions of law operated to extend the deadlines in this case, we find that case to be easily distinguishable. In *Awde*, the defendant in the trial court sought attorney's fees as a sanction against the plaintiff, and the trial court granted the request for attorney's fees as a sanction after holding an evidentiary

9

hearing at which it heard sworn testimony. *Awde*, 938 S.W.2d at 32. The Texas Supreme Court therefore held that, because the trial court awarded a sanction based on sworn testimony received at an evidentiary hearing, the appellant's "request for findings of fact and conclusions of law extended the deadline for perfecting the appeal." *Id*. at 33.

There are two key differences between the proceedings in *Awde* and the proceedings in this case, however. First, the trial court in *Awde* awarded attorney's fees to the defendant based on a request for sanctions, and a judgment rendered as sanctions is a judgment for which a request for findings and conclusions extends the deadline for filing a notice of appeal. *IKB Indus.*, 938 S.W.2d at 443. The trial court in this case, by contrast, awarded attorney's fees to Presidio County based on the county's unchallenged evidence included with its motion for summary judgment on attorney's fees. And in cases where there are no controverted material facts, a summary judgment is a judgment rendered as a matter of law, for which "[a] request for findings of fact and conclusions of law does not extend the time for perfecting appeal[.]" *Id*. Second, the trial court in *Awde* awarded attorney's fees to the defendant after holding an evidentiary hearing, and a "judgment based in any part on an evidentiary hearing" is a judgment for which the deadline for filing a notice of appeal is extended by the filing of a request for findings and conclusions. *Id*. But the trial court in this case awarded attorney's fees based on a factually uncontroverted motion for summary judgment and was therefore prohibited from holding an evidentiary hearing on the motion, meaning that the trial court's judgment could not have been based on an evidentiary hearing and, again, was "rendered as a matter of law."[7] *Id*.; *see* Tex. R. Civ. P. 166a(c); *Easley*, 404

---

[7] We note that whether or not the trial court actually held an evidentiary hearing is irrelevant, because (1) the first inquiry in the two-step test under *Phillips* is categorical, not case-specific, and (2) the Texas Supreme Court has specifically held that a request for findings of fact and conclusions of law does not extend the deadline to perfect an appeal from a summary judgment proceeding. *See Phillips*, 635 S.W.3d at 625; *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441–42, 443 (Tex. 1997); *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994)

S.W.2d at 297; *Cuellar*, 821 S.W.2d at 252. As a result, the court's holding in *Awde* does not support Appellants' contention that their filing of a request for findings and conclusions extended the deadline for filing a notice of appeal.

Accordingly, we find that Appellants' request for findings of fact and conclusions of law did not extend the deadline for filing their notice of appeal from the trial court's summary judgment. *See IKB Indus.*, 938 S.W.2d at 441–42; *Linwood*, 885 S.W.2d at 103; *Wilson*, 2004 WL 253503, at *1; s*ee also Ezy-Lift of Cal., Inc. v. EZY Acquisition, LLC*, No. 01-13-00058-CV, 2014 WL 1516239, at *2–9 (Tex. App.—Houston [1st Dist.] April 17, 2014, pet. denied) (mem. op.) (holding that request for findings of fact and conclusions of law did not extend deadline for filing notice of appeal and dismissing the appeal for want of jurisdiction, because the parties had stipulated to the amount of attorney's fees that were reasonable and necessary, leaving no factual dispute for the trial court to decide).

## V. CONCLUSION

Because Appellants' request for findings of fact and conclusions of law did not extend the deadline for filing a notice of appeal in this case, the deadline for filing a notice of appeal from the trial court's November 9, 2024 final judgment was December 9, 2024. Tex. R. App. P. 26.1. Appellants, however, did not file a notice of appeal until February 7, 2025—60 days after the deadline. As a result, Appellants failed to invoke our jurisdiction in this case; we lack jurisdiction

---

(per curiam). Thus, a request for findings of fact and conclusions of law is not effective to extend the deadline for filing a notice of appeal when the trial court grants a summary judgment motion, even if an appellant may be able to raise an issue on appeal related to whether a trial court improperly considered evidence at a summary judgment hearing.

Regardless, the appellate record here does not contain a reporter's record of any hearing on Presidio County's traditional motion for summary judgment, and the reporter's record of the hearing on Presidio County's motion for summary judgment on attorney's fees and costs shows that the parties neither called witnesses nor offered any exhibits during the hearing; instead, the parties merely argued the legal questions of whether an award of attorney's fees and costs would be equitable and just. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

11

and must dismiss this attempted appeal. *See* Tex. R. App. P. 25.1(b), 42.3(a); *In re A.F.J.M.*, No. 08-24-00068-CV, 2024 WL 5065190, at \*1, \*3 (Tex. App.—El Paso Dec. 10, 2024, pet. denied) (mem. op.); *EZY Acquisition*, 2014 WL 1516239, at \*9.

Accordingly, we grant Presidio County's motion to dismiss, and we dismiss this appeal.[8] Any pending motions are dismissed as moot.

MARIA SALAS MENDOZA, Chief Justice

October 3, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[8] In its motion, Presidio County "requests that the Court grant summary dismissal of this appeal or, alternatively, grant this motion and dismiss the appeal and award damages for a frivolous appeal." In light of our decision to "grant summary dismissal of this appeal" and Presidio County's failure to provide any argument or authority in support of its alternative request for dismissal and an award of damages, we decline to consider the merits of, or even whether we have jurisdiction over, Presidio County's alternative request.